Willard DENTON, Jr. et al., Appellants,

v.

**BIG SPRING HOSPITAL CORPO-RATION d/b/a Scenic Mountain Medical Center, Appellee.**

No. 11–98–00090–CV.

Court of Appeals of Texas, Eastland.

July 8, 1999.

Richard A. Dodd, Cappolino, Dodd & Krebs, Cameron, for appellant.

Gail N. Friend, Staci Reeves Bouthillette, Friend & Associates, Houston, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

## OPINION

W.G. ARNOT, III, Chief Justice.

On September 14, 1994, Willard Denton, Jr. was throwing a watermelon over a fence when he developed a burning pain in the base of his neck and shoulders. Denton's wife took him to the emergency room of Scenic Mountain Medical Center shortly thereafter. While in the emergency room, Denton complained of numbness in his right leg and hand. Dr. Roderick Stonedale, the emergency room physician, diagnosed Denton with chest pain and coronary insufficiency but could not exclude acute myocardial infarction. Dr. Stonedale believed Denton required hospitalization and conferred with Dr. Abdul Baluch. Dr. Baluch admitted Denton to the hospital, where Denton remained in his care. Denton subsequently developed weakness in his arms and was unable to move his lower extremities. After two days of

treatment at Scenic Mountain Medical Center, Denton was transferred to Methodist Hospital in Lubbock. A magnetic resonance image revealed an epidural hematoma. The hematoma was subsequently removed, and Denton was discharged on September 28, 1994.

The Dentons[1] originally filed a lawsuit against the attending physician at Scenic Mountain, Abdul Baluch, M.D.; a consulting physician at Scenic Mountain, James Mathews, M.D.; the Malone & Hogan Clinic; an emergency medical physician, Roderick Stonedale, M.D.; Coastal Physician Services of the West, Inc. f/k/a Coastal Emergency Services of Dallas, Inc; and Big Spring Hospital Corporation d/b/a Scenic Mountain Medical Center (Scenic Mountain) for negligence and gross negligence specifically involving diagnosis, care, and treatment. Denton settled with Dr. Baluch and nonsuited the remaining parties, with the exception of Scenic Mountain. Scenic Mountain filed motions for summary judgment on the issues of vicarious liability and credentialing. The trial court granted the motions, and the case proceeded to trial on the remaining claims against Scenic Mountain. The jury returned a verdict in favor of Scenic Mountain. In two issues for review, the Dentons complain that the trial court erred in granting both summary judgment motions. We affirm the trial court's judgment.

■ In their first issue for review, the Dentons argue that the trial court erred in granting Scenic Mountain's motion for partial summary judgment because genuine issues of material fact existed as to an ostensible agency relationship between Dr. Baluch and Scenic Mountain. A movant for summary judgment has the burden to show that there are no genuine issues of material fact and that it is entitled to summary judgment as a matter of law. TEX.R.CIV.P. 166a(c). To be entitled to summary judgment, a defendant must either (1) conclusively negate at least one essential element of each of the plaintiff's causes of action or (2) conclusively establish each element of an affirmative defense to each claim. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997). In reviewing the trial court's order granting the motion, we treat evidence favorable to the non-movants as true and indulge all reasonable inferences in the non-movants' favor. *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546, 548–49 (Tex.1985).

■ Generally, a hospital is not liable for the negligent acts or omissions of independent physicians. *Drennan v. Community Health Investment Corporation*, 905 S.W.2d 811 (Tex.App.—Amarillo 1995, writ den'd); *Berel v. HCA Health Services of Texas, Inc.*, 881 S.W.2d 21, 23 (Tex.App.—Houston [1st Dist.] 1994, writ den'd). In most cases, physicians are considered to be independent contractors with regard to the hospitals at which they enjoy staff privileges. *Harris v. Galveston County*, 799 S.W.2d 766, 768 (Tex.App.—Houston [14th Dist.] 1990, writ den'd). Therefore, Scenic Mountain had the burden to prove that Dr. Baluch was an independent contractor and not its employee or agent.

■ As part of its summary judgment proof, Scenic Mountain offered Denton's medical records, deposition testimony from Pamela and Willard Denton, and an affidavit from Debra Wallace, Scenic Mountain's Quality Assurance Director. Wallace established that (1) Dr. Baluch was an independent contractor physician and was not an employee or agent of Scenic Mountain, (2) Dr. Baluch received no salary from Scenic Mountain, (3) no money was paid directly to him by Scenic Mountain for his services, (4) Dr. Baluch received no remuneration or compensation from Scenic Mountain for the care he rendered to patients, and (5) Scenic Mountain did not bill for his services. In addition, Scenic Mountain informed Denton in a written admis-

1. Appellants are Willard Denton, Jr. and Pamela Denton, individually and as next friends of Crystal Janette Denton and Justin Willard Denton, minors.

sion form prior to his admission that all physicians were independent contractors and not employees or agents of the hospital. The form stated in pertinent part:

> The undersigned recognizes that all doctors of medicine furnishing services to the patient, including the radiologist, pathologists, anesthesiologists and the like are independent contractors and are not employees or agents of the Medical Center.

Willard Denton and his wife signed the document, but they claimed in their affidavits that they had not read the admission form. The Dentons did not offer any contradictory summary judgment proof that Dr. Baluch was not an employee of Scenic Mountain. We hold that the summary judgment proof conclusively establishes that Dr. Baluch was an independent contractor and was not an employee or agent of Scenic Mountain.

 Although a hospital is generally not liable for the negligence of an independent physician, it may be liable for that physician's negligence if the plaintiff can show that the physician was acting as the hospital's ostensible agent when the negligence occurred. *Valdez v. Pasadena Healthcare Management, Inc.,* 975 S.W.2d 43, 46 (Tex.App.—Houston [14th Dist.] 1998, pet'n den'd); *Drennan v. Community Health Investment Corporation,* supra at 818–19. Once the hospital has established its physician's independent contractor status, the plaintiff must submit summary judgment proof which raises a fact issue as to each element of an ostensible agent claim. *Valdez v. Pasadena Healthcare Management, Inc.,* supra at 46. Denton must have shown that (1) he had a reasonable belief in Dr. Baluch's authority, (2) his belief was generated by some conduct on the part of Scenic Mountain, and (3) he was justified in relying on the representation. *Baptist Memorial Hospital System v. Sampson,* 969 S.W.2d 945 (Tex. 1998); See *Drennan v. Community Health Investment Corporation,* supra at 820.

Willard and Pamela Denton submitted affidavits. Willard Denton claimed he had never met Dr. Baluch and did not go to Scenic Mountain to see a particular doctor. He did not recall seeing any signs regarding the employees' status or signing any forms. He thought that the physicians who treated him in the hospital worked for the hospital. Pamela Denton claimed that she took her husband to Scenic Mountain because she had heard a radio advertisement four or five years ago which stated that Scenic Mountain had the best staff and best doctors in Howard County. She also relied on a similar advertisement in a telephone book. The Dentons argue that all of these factors raise a genuine issue of material fact as to each element of the claim of ostensible agency. We disagree.

Even if Denton's belief was reasonable, his belief must have been based on or generated by some conduct on the part of the hospital. There is no evidence in the record that the hospital scheduled Dr. Baluch on-call or played any role in determining Dr. Baluch's schedule. The evidence neither explicitly nor implicitly suggests that Dr. Baluch is the hospital's employee. *Valdez v. Pasadena Healthcare Management, Inc.,* supra at 46. Next, there is no evidence that Willard Denton relied on the advertisements. In fact, Denton testified in a deposition that he did not recall ever seeing any advertisements for Scenic Mountain. Assuming that Willard Denton heard the radio spot, Pamela Denton claimed that it aired four or five years before the date of injury and that the advertisement stated that Scenic Mountain had the best doctors. Again, this advertisement does not suggest that, at the time of injury, Scenic Mountain affirmatively held its doctors out as agents or employees. The summary judgment proof establishes that Scenic Mountain took no affirmative action to make Denton think that Dr. Baluch was an employee or agent. We overrule the first issue.

In their second issue, the Dentons complain that the trial court erred in granting

Scenic Mountain's no-evidence motion for summary judgment on the issue of negligent credentialing. They argue that the no-evidence motion was conclusory and raised a fact issue as to each element of their credentialing claim.

■ First, the Dentons claim that the motion was conclusory. We disagree. The motion must specifically state the elements for which there is no evidence. TEX.R.CIV.P. 166a(i). Scenic Mountain specifically alleged that there was no evidence to prove malice and no evidence to prove injury. The rule requires a motion to be specific in alleging a lack of evidence on an essential element of a plaintiff's cause of action, but it does not require that the motion specifically attack the evidentiary components that may prove an element of the cause of action. *In re Mohawk Rubber Company*, 982 S.W.2d 494 (Tex.App.—Texarkana 1998, no pet'n). We hold that Scenic Mountain's motion met the requirements of Rule 166a(i).

■ The Dentons also claim that the trial court erred in granting the motion because the Dentons presented some evidence of malice in their credentialing claim. In *St. Luke's Episcopal Hospital v. Agbor*, 952 S.W.2d 503 (Tex.1997), the Texas Supreme Court held that the Texas Medical Malpractice Act requires an injured patient to prove that a hospital's peer review committee acted with malice in order to recover on a credentialing claim. TEX.REV.CIV.STAT.ANN. art. 4495b, § 5.06(*l*) & (m) (Vernon Pamph. Supp.1999). The court relied upon the definition of malice as stated in TEX. CIV. PRAC. & REM. CODE ANN. § 41.001(7) (Vernon 1997):

(A) a specific intent by the defendant to cause substantial injury to the claimant; or

(B) an act or omission:

(i) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

(ii) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

An injured patient need not show that the committee acted with malice specifically directed toward the patient to prove his or her case, but may rely upon objective and subjective factors as defined in Section 41.001(7). *St. Luke's Episcopal Hospital v. Agbor*, supra at 506.

In response to Scenic Mountain's no-evidence motion for summary judgment, the Dentons had the burden to produce proper summary judgment evidence which raised a genuine issue of material fact. See Rule 166a(i). We will review the evidence in the light most favorable to the non-movants, disregarding all contrary evidence and inferences. *Merrell Dow Pharmaceuticals, Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997), *cert. den'd*, — U.S. ——, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998). We must sustain a no evidence point when:

(a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact.

*Merrell Dow Pharmaceuticals, Inc. v. Havner*, supra at 711; see also Rule 166a(i); Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 TEX.L.REV. 361, 362–63 (1960). Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact. *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex.1983). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharmaceuticals, Inc. v. Havner*, supra at 711.

The Dentons presented evidence that, on May 20, 1989, the Texas State Board of Medical Examiners (Board) suspended Dr. Baluch's medical license. Dr. Baluch's suspension was stayed, and he was placed on probation for three years. On December 4, 1990, the Board vacated its earlier order and released all limitations and restrictions on Dr. Baluch's medical license. Dr. Baluch did not work at Scenic Mountain until 1994. The evidence did not include the reasons behind the Board's decision. The Dentons also presented evidence to show that the hospital's by-laws required all applications to the medical staff to disclose any information regarding medical license suspensions. Additionally, the Dentons claimed that Dr. Baluch did not carry the required amount of insurance as prescribed by the by-laws, violating the policies of the hospital's own governing board. No other evidence was introduced to show that Scenic Mountain acted with malice.

Chief Justice Phillips, in his dissenting opinion in *Agbor*, stated that he believed that the plaintiffs had raised a fact issue because their summary judgment proof showed that the defendant hospital violated its own rules by renewing her credentials without carrying out any recredentialing activities and by not suspending her privileges when she failed to carry insurance. *St Luke's Episcopal Hospital v. Agbor*, supra at 510. In *Agbor*, the plaintiff also alleged that the doctor had been the subject of many malpractice cases. However, a majority of the court found that these factors, without proof of malice on the part of the hospital, did not raise a fact issue in a summary judgment proceeding. In our case, we hold there is no evidence that Scenic Mountain acted with malice in credentialing Dr. Baluch. We overrule the Dentons' second issue.

The judgment of the trial court is affirmed.