11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Jacquelyn S. Harrison

Appellant

Vs.                   No.
11-01-00053-CV B Appeal from Dallas County

Dallas Area Rapid Transit and Lilly Hayes 

Appellees

 

Jacquelyn
S. Harrison sued Dallas Area Rapid Transit (DART) and Lilly Hayes, a bus driver
for DART, for injuries received when a car hit her after she stepped off a DART
bus.  DART and Hayes filed a no-evidence
motion for summary judgment which the trial court granted.  We affirm.

The
accident occurred at the designated bus stop in the 6800 Block of Skillman
Street in Dallas.  Mildred Louise
Hardin, a passenger with Harrison on the bus, testified that there were some
rowdy men on the bus who rang the bell to stop after the bus driver had passed
their bus stop.  When the bus got to the
next bus stop, where the accident happened, the men got off but were Ahurrahing the bus driver.@ 
Hardin said that she then was surprised to see a car coming around the
right side of the bus as Harrison was stepping off the bus with her groceries
but that it was too late to warn Harrison about the car.

Shadrack
Ruto, the driver of the car, testified that he was driving in the middle lane
of Skillman Street when a car to his right cut in front of him and slammed on
its brakes.  He applied his brakes, but
they did not work.  Ruto said that he
then swerved to the right to miss the car. 
When he swerved to the right, Ruto saw the bus ahead of him; and he
drove further to the right off the road. 
At that point, Ruto saw that:

[A]head of me was a creek.  So I turned the car around trying to get
back to the road and then again here is the bus.  And now the bus is between me and the road.  So, I tried to drive the car and not go into
the creek and not hit the bus and then driving B of course, at that time, I was panicking.  I didn=t know
whether I was going to make it.  And
then I looked at this side and there was a cement block wall B cement wall.  So I drove between the bus and the cement wall.

 

Ruto recalled hitting the
bus sign and then hitting something else.








Harrison
claimed that the bus stopped too quickly and that the sudden stop caused
traffic to back up and caused Ruto to swerve and hit her.  

In their
motion for summary judgment, appellees asserted that DART was entitled to
governmental immunity and that Harrison had produced no evidence of a waiver of
governmental immunity.  The trial court
agreed, granting the summary judgment on the basis of governmental immunity.

Standard
of Review

The trial
court must grant a no-evidence motion for summary judgment unless the
non-movant produces evidence that raises a genuine issue of material fact on
the challenged element of his claim or defense.  TEX.R.CIV.P. 166a(i).  The
appellate court reviews evidence presented in response to a motion for a
no-evidence summary judgment in the same way it reviews evidence presented in
support of, or in response to, a motion for traditional summary judgment; it
accepts as true evidence favorable to the non-movant and indulges every
reasonable inference and resolves all doubts in favor of the non-movant.  Hight v. Dublin Veterinary Clinic, 22 S.W.3d
614, 619 (Tex. App. B
Eastland 2000, pet=n den=d); see American Tobacco Company, Inc. v.
Grinnell, 951 S.W.2d 420 (Tex.1997). 
The appellate court reviews, however, only evidence presented by the
non-movant.  Rule 166a(i); Hight v.
Dublin Veterinary Clinic, supra at 618-19. 
If the non-movant presents more than a scintilla of evidence on the
disputed element, a no-evidence summary judgment is improper.  Hight v. Dublin Veterinary Clinic, supra;
Denton v. Big Spring Hospital Corporation, 998 S.W.2d 294, 298 (Tex.App. B Eastland 1999, no pet=n).

Analysis

DART, a
Texas regional transportation authority, is a government agency.  Under the doctrine of sovereign immunity,
the State and its agencies are generally immune from suit unless the State
gives its consent to be sued or the Texas Tort Claims Act waives governmental
immunity.  TEX. CIV. PRAC. & REM.
CODE ANN. ' 101.001 et seq. (Vernon 1997 & Supp.
2002); Federal Sign v. Texas Southern University, 951 S.W.2d 401
(Tex.1997).  The Texas Tort Claims Act
waives governmental immunity only in certain situations.  Section 101.021(2) provides for waiver of
governmental immunity for:

[P]ersonal injury and death so caused by a
condition or use of tangible personal or real property if the governmental unit
would, were it a private person, be liable to the claimant according to Texas
law.








Harrison
attached the affidavit of David Steitle, her expert, to her response to the
motion for summary judgment.  The
Steitle affidavit contained the following conclusions:

e. 
The bus coming to a quick stop caused traffic to back up behind the bus.

 

f. 
The bus was a proximate cause of this accident forcing traffic to back
up limiting Mr. Ruto=s
options to avoid the accident.

 

The
appellees filed a Daubert/Robinson challenge.[1]   The trial court struck Paragraphs e and f
of the Steitle affidavit because it found that there was no evidence that the
sudden stop of the bus caused traffic to back up or that a car swerved into
Ruto=s lane because of the bus=s sudden stop.  The court further found that there was no evidence that the
actions of Ruto were causally connected to any action by the bus.

Steitle=s affidavit does not state any objective facts
upon which he reached his conclusions in Paragraphs e and f of his
affidavit.  Steitle=s opinion was founded upon Amere possibility, speculation, and surmise.@ 
Texas Employers=
Insurance Association v. Schaefer, 598 S.W.2d 924 (Tex.Civ.App. B Eastland), aff=d, Schaefer v. Texas Employers= Insurance Association, 612 S.W.2d 199, 204 (Tex.1980).  The trial court did not abuse its discretion
in striking Paragraphs e and f of the Steitle affidavit.  

There is
no evidence that a quick stop by the bus or any action taken by the bus driver
was a proximate cause of the accident. 
There was no waiver of sovereign immunity under the Texas Tort Claims
Act.

This
Court=s Ruling

We affirm
the summary judgment of the trial court.

 

February 21, 2002                                                       PER CURIAM

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

McCall, J., and McCloud, S.J.[2]











[1]Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S.
579 (1993); E.I. du Pont de Nemours and Company, Inc. v. Robinson, 923 S.W.2d
549 (Tex.1995).





[2]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.