11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

Ricardo Hinojosa

Appellant

Vs.                   No.
11-03-00145-CV  --  Appeal from Dallas County

Ashcraft Law Firm, a
Professional Corporation, 

and William O. Ashcraft,
Individually

 

Appellees

 

Ricardo Hinojosa sued Jostens, Inc. and its
counsel, William O. Ashcraft and the Ashcraft Law Firm, after he was fired from
Jostens in September 2000.  Appellant
asserted claims against appellees based on legal malpractice, conspiracy to
defraud, and negligent misrepresentation.[1]  The trial court granted summary judgment in
favor of appellees on all claims asserted by appellant.  We affirm.

Appellant worked as a diamond setter for Jostens
from September 1985 until September 2000. 
He injured his arm while at work in April 1997.  Jostens transferred appellant to a supervisor
position that did not require the use of his arm.  Appellant returned to work as a diamond
setter in March 1999, and his injury worsened. 
He was temporarily restricted from work in late March 1999 to undergo tests,
and Jostens eventually placed him on indefinite medical leave in May 1999.  During his medical leave, appellant had
radial tunnel release surgery.  Appellant
was prescribed physical therapy, but Jostens denied payment.  Appellant received an injection for pain in
August and was once again prescribed physical therapy. In September 2000,
doctors released appellant to return to work for 4 hours per day.








On September 14, 2000, Judy Howard, an employee
with Jostens= employee
benefits department, asked appellant to come to her office; appellee William
Ashcraft was also present.  Ashcraft told
appellant that he was with Jostens=
benefits department and that he was there to see how he could help him.  Appellant told Ashcraft that he wanted to get
a shoulder arthroscopy, and he also spoke with Ashcraft about his injury.  Ashcraft told appellant that he was going to
have a meeting with Jostens=
management later that afternoon in order to find out if they would authorize
treatment.  Ashcraft left the room and
came back with an affidavit for appellant to sign.  Appellant asked Ashcraft if the affidavit was
a legal document, and Ashcraft told him that it was not but said that he needed
the document to present to Jostens=
management to get appellant=s
benefits paid.  Appellant reviewed the
affidavit, made changes in it, and signed it. 
Howard notarized the affidavit. 
The next day, Jostens told appellant that Jostens would no longer be
paying him benefits and offered appellant the opportunity to resign.  Appellant refused to resign, and Jostens
fired him.  After appellant learned that
Ashcraft was Jostens=
lawyer, he filed suit against Jostens, Ashcraft, and the Ashcraft Law Firm.

Appellant raises six issues on appeal.  In Issue Nos. 1 & 2, appellant contends
that the trial court erred when it granted appellees=
motion for summary judgment on the conspiracy-to-defraud and fraud claims.  In Issue No. 3, appellant contends that the
trial court erred when it granted appellees=
motion for summary judgment on the legal malpractice claim.  In Issue Nos. 4 & 5,  appellant contends that the trial court erred
when it granted appellees=
motion for summary judgment on the negligent misrepresentation claim.  In Issue No. 6, appellant contends generally
that the trial court erred when it granted appellees=
various motions for summary judgment.








In the motions for summary judgment, appellees
sought summary judgment based on both traditional grounds under TEX.R.CIV.P.
166a(c) and no-evidence grounds under TEX.R.CIV.P. 166a(i).  Although this court is of the opinion that it
is the better practice to file separate motions relating to each rule, the
Supreme Court of Texas has ruled that TEX.R.CIV.P. 166a does not require
it.  Binur v. Jacobo, 135 S.W.3d
646 (Tex.2004); Trans-Gulf Corporation v. Performance Aircraft Services,
Inc., 82 S.W.3d 691 (Tex.App. - Eastland 2002, no pet=n). 
A trial court must grant a traditional motion for summary judgment if
the moving party establishes that no genuine issue of material fact exists and
that he is entitled to judgment as a matter of law.  Rule 166a(c); Lear Siegler, Inc. v. Perez,
819 S.W.2d 470, 471 (Tex.1991).  A
defendant may prevail on a Amatter
of law@ summary
judgment motion by conclusively negating any single essential element of the
plaintiff=s cause
of action.  Michael v. Dyke, 41
S.W.3d 746, 750 (Tex.App. - Corpus Christi 2001, no pet=n).  Once the movant establishes a right to a
summary judgment, the non-movant must come forward with evidence or law that
precludes summary judgment.  City of
Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678-79 (Tex.1979). 

The trial court must grant a no-evidence motion
for summary judgment unless the non-movant produces evidence that raises a
genuine issue of material fact on the challenged element of his claim or
defense.  Rule 166a(i).  The appellate court reviews only evidence
presented by the non-movant.  Rule
166a(i); Hight v. Dublin Veterinary Clinic, 22 S.W.3d 614, 618-19
(Tex.App. - Eastland 2000, pet=n
den=d). 
If the non-movant presents more than a scintilla of evidence on the
disputed element, a no-evidence summary judgment is improper.  Hight v. Dublin Veterinary Clinic, supra;  Denton v. Big Spring Hospital Corporation,
998 S.W.2d 294, 298 (Tex.App.- Eastland 1999, no pet=n);  cf. 
Merrell Dow Pharmaceuticals, Inc. v. Havner, 953 S.W.2d 706
(Tex.1997), cert. den=d,
523 U.S. 1119 (1998).  More than a
scintilla of evidence exists when the evidence Arises
to a level that would enable reasonable and fair-minded people to differ in
their conclusions.@  Burroughs Wellcome Company v. Crye,
907 S.W.2d 497, 499 (Tex.1995).

 We review
evidence presented by the non-movant in reply to a motion for a no-evidence
summary judgment just as we review evidence offered in support of, and in
response to, a motion for a traditional summary judgment B we accept as true evidence favorable
to the non-movant and indulge every reasonable inference in favor of the
non-movant.  Trans-Gulf Corporation v.
Per- formance Aircraft Services, Inc., supra at 694; Hight v. Dublin
Veterinary Clinic, supra.

In his first and second issues, appellant contends
that the trial court erred when it granted appellees=
motion for summary judgment on the conspiracy-to-defraud and fraud claims.  To succeed on a claim of fraud, a plaintiff
must prove (1) that a material misrepresentation was made, (2) that it was
false, (3) that it was made with knowledge of its falsity or recklessly made as
a positive assertion without knowledge of its truth, (4) that it was made with
the intent that plaintiff act on it, (5) that plaintiff relied on the
misrepresentation, and (6) that the plaintiff suffered injury.  Johnson & Higgins of Texas, Inc. v.
Kenneco Energy, Inc., 962 S.W.2d 507, 524 (Tex.1998).








Appellant claims that he was injured by Ashcraft=s misrepresentations concerning his
role as an attorney for Jostens and concerning the legal nature of the
affidavit because he was fired the next day. 
However, appellant signed the affidavit, acknowledging its veracity, and
testified under oath that the contents of the affidavit were accurate.  Appellant claims, and we must take it as
true, that Ashcraft identified himself as an employee with Jostens= benefits department at the beginning
of the meeting out of which came the affidavit. 
Therefore, we can assume that appellant, at the least, thought that he
was speaking with a  representative of
his employer, even if he did not know that Ashcraft was a lawyer.  Appellant cannot show that he suffered injury
due to the misrepresentations made by Ashcraft because the result was a
truthful statement made to a representative of his em-ployer.  No genuine issue of material fact exists on
appellant=s claim
for fraud.

The elements of a conspiracy-to-defraud claim are
(1) a combination by two or more persons; (2) an object to be accomplished; (3)
a meeting of the minds on the object or course of action; (4) one or more
unlawful, overt acts; and (5) damages as the proximate result.  Massey v. ARMCO Steel Company, 652
S.W.2d 932, 934 (Tex.1983).  Civil
conspiracy is a derivative tort:  AThat is, a defendant=s liability for conspiracy depends on
participation in some underlying tort for which the plaintiff seeks to hold at
least one of the named defendants liable.@  Tilton v. Marshall, 925 S.W.2d 672,
681 (Tex.1996); see also Carroll v. Timmers Chevrolet, Inc., 592 S.W.2d
922, 925 (Tex.1979).  In a claim for
civil conspiracy, recovery is not based on the conspiracy; instead, it is based
on an underlying tort.  Lesikar v.
Rappeport, 33 S.W.3d 282, 301 (Tex.App. - Texarkana 2000, pet=n den=d).  Furthermore, a plaintiff may not prove a
conspiracy to defraud by piling inferences upon inferences; the evidence must
do more than raise a suspicion. See Goldstein v. Mortenson, 113 S.W.3d
769, 779 (Tex.App. - Austin 2003, no pet=n);
Carr v. Hunt, 651 S.W.2d 875, 882 (Tex.App. - Dallas 1983, writ ref=d n.r.e.); Guynn v. Corpus Christi
Bank & Trust, 589 S.W.2d 764 (Tex.Civ.App. - Corpus Christi 1979, writ
dism=d).  Because no genuine issue of material fact
exists on appellant=s claim
of fraud, no underlying tort exists to support his claim for conspiracy to
defraud.  The trial court did not err
when it granted summary judgment in favor of appellees on appellant=s claims of fraud and conspiracy to
defraud.  Appellant=s first and second issues are
overruled.








In his third issue, appellant contends that the
trial court erred when it granted appellees=
motion for summary judgment on his legal malpractice claim.  To recover on a claim of legal malpractice, a
plaintiff must prove (1) that the attorney owed the plaintiff a duty, (2) that
the attorney breached that duty, (3) that the breach proximately caused the
plaintiff=s
injuries, and (4) that damages resulted. 
Peeler v. Hughes & Luce, 909 S.W.2d 494, 499 (Tex.1995).  Generally, an attorney owes a duty of care
only to his or her client.  Barcelo v.
Elliott, 923 S.W.2d 575, 578 (Tex.1996). 
An exception to the privity requirement exists when the facts and
circumstances lead the third-party non-client to reasonably believe that an
attorney is representing him.  Parker
v. Carnahan, 772 S.W.2d 151, 153 (Tex.App. - Texarkana 1989, writ den=d).

Appellant testified that he had never hired
appellees to represent him.  Furthermore,
appellant repeatedly contends in the record below and in his brief on appeal
that Ashcraft never identified himself as an attorney.  Therefore, appellant could not have formed a
reasonable belief that Ashcraft was representing him.  Also, a claim for legal malpractice, like a
claim for fraud, requires that the plaintiff suffer some injury as a result of
the alleged conduct.  Peeler v. Hughes
& Luce, supra.  As previously
discussed, appellant suffered no injury as a result of Ashcraft=s actions.  No genuine issue of material fact exists on
appellant=s claim
for legal malpractice; therefore, the trial court did not err in granting
appellees= motion
for summary judgment.  Appellant=s third issue is overruled.








In his fourth and fifth issues, appellant contends
that the trial court erred when it granted appellees=
motion for summary judgment on his negligent misrepresentation claim.  A lawyer may be liable to a third party for
negligent misrepresentation even absent privity or an attorney-client
relationship if the lawyer makes a misrepresentation with the intent that the
non-client rely on the information.  McCamish,
Martin, Brown & Loeffler v. F.E. Appling Interests, 991 S.W.2d 787, 791
(Tex.1999).  The elements of a negligent
misrepresentation claim are (1) a representation made by the defendant in the
course of his business or in a transaction in which he has a pecuniary
interest; (2) the defendant supplies false information for the guidance of the
plaintiff; (3) the defendant did not exercise reasonable care in obtaining or
communicating the information; and (4) the plaintiff suffered pecuniary loss by
justifiably relying on the defendant=s
representation.  Federal Land Bank
Association of Tyler v. Sloane, 825 S.W.2d 439, 442 (Tex.1991).  Negligent misrepresentation, like the other
claims asserted by appellant, requires that some loss be suffered by him as a
proximate result of his reliance on Ashcraft=s
actions.  By relying on the
misrepresentations made by Ashcraft, appellant made a truthful statement
concerning his work-related injury to representatives of his employer=s benefits department.  Furthermore, appellant presented no evidence
that Ashcraft did not exercise reasonable care in obtaining or communicating
any information to him.  There is no
genuine issue of material fact concerning appellant=s
claim for negligent misrepresentation. 
The trial court did not err when it granted appellees= motion for summary judgment.  Appellant=s
fourth and fifth issues are overruled.

In his sixth and final issue, appellant contends
generally that the trial court erred when it granted each and every one of
appellees= motions
for summary judgment.  As indicated
above, the trial court did not err when it granted the motions.  Appellant=s
sixth issue is overruled.  

The judgment of the trial court is affirmed.         

 

JIM R. WRIGHT

JUSTICE

 

September 2, 2004

Not designated for publication. 
See TEX.R.APP.P. 47.2(a).

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.











[1]The trial court ordered appellant=s claim against Jostens severed from his cause of
action against appellees; therefore, that claim is not the subject of this
appeal.