11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

Larry L. Penny,
Independent Executor for 

the Estate of Ruth
Penny, Deceased

 

Appellant

Vs.                   No.
11-04-00119-CV B Appeal from Midland County

John P.
Darnell and wife, Marilyn Darnell          

Appellees

 

Larry L. Penny (Penny), as attorney-in-fact for
his mother Ruth Penny, brought this action against John P. Darnell and wife,
Marilyn Darnell.  Ruth Penny died after
the suit was filed, and Penny was appointed as the independent executor of her
estate.  Penny, as Independent Executor
for the Estate of Ruth Penny, Deceased, was substituted as the named plaintiff
in this cause.  Ruth Penny was John
Darnell=s
mother-in-law and Marilyn Darnell=s
mother.

Penny alleged that he was entitled to a
declaratory judgment relating to ownership of certain real property.  He also alleged that the Darnells had
converted various items of Ruth Penny=s
personal property.  Penny also sought to
recover attorney=s fees
from the Darnells.  The trial court
granted summary judgment to the Darnells on all of Penny=s
claims.  In two appellate issues, Penny
argues that the trial court erred in granting summary judgment on the
conversion claim and the attorney=s
fees claim.  Because there was no summary
judgment evidence of any damages from the alleged conversion, we affirm the
judgment of the trial court.

Standard of Review








The Darnells=
motion for summary judgment intermixed a motion for traditional summary
judgment under TEX.R.CIV.P. 166a(c) and a motion for a no-evidence summary
judgment under TEX.R.CIV.P. 166a(i).[1]  The trial court=s
order granting summary judgment does not specify the ground or grounds upon
which it was based.  When a trial court=s order does not specify the ground or
grounds relied upon for its ruling, the summary judgment will be affirmed on
appeal if any of the summary judgment grounds advanced by the movant are
meritorious.  Dow Chemical Company v.
Francis, 46 S.W.3d 237, 242 (Tex.2001); Carr v. Brasher, 776 S.W.2d
567, 569 (Tex.1989).

The Darnells sought a no-evidence summary judgment
on the conversion claim on the ground that there was no evidence of damages
from the alleged conversion.  The trial
court must grant a no-evidence motion for summary judgment unless the
non-movant produces evidence that raises a genuine issue of material fact on
the challenged element of his claim or defense. 
Rule 166a(i).  The appellate court
reviews evidence presented in response to a motion for a no-evidence summary
judgment in the same way it reviews evidence presented in support of, or in
response to, a motion for traditional summary judgment:  it accepts as true evidence favorable to the
non-movant and indulges every reasonable inference and resolves all doubts in
favor of the non-movant.  Hight v.
Dublin Veterinary Clinic, 22 S.W.3d 614, 619 (Tex.App. B Eastland 2000, pet=n den=d).  The appellate court reviews, however, only
evidence presented by the non-movant. 
Rule 166a(i); Hight v. Dublin Veterinary Clinic, supra at
618-19.  If the non-movant presents more
than a scintilla of evidence on the disputed element, a no-evidence summary
judgment is improper.  Hight v. Dublin
Veterinary Clinic, supra; Denton v. Big Spring Hospital
Corporation, 998 S.W.2d 294, 298 (Tex. App. - Eastland 1999, no pet=n); cf. Merrell Dow Pharmaceuticals,
Inc. v. Havner, 953 S.W.2d 706 (Tex.1997), cert. den=d, 523 U.S. 1119 (1998).

                                                                 Conversion
Claim

A plaintiff must prove damages before recovery is
allowed for conversion.  United Mobile
Networks, L.P. v. Deaton, 939 S.W.2d 146, 147-48 (Tex.1997); Prewitt v.
Branham, 643 S.W.2d 122, 123 (Tex.1982). 
Penny did not produce any evidence of damages from the alleged
conversion in response to the Darnells=
no-evidence motion for summary judgment. 
Accordingly, summary judgment in favor of the Darnells on the conversion
claim was proper.  Penny=s first issue is overruled.

                                                             Attorney=s Fees Claim

Penny argues that the trial court erred in
granting summary judgment on the issue of attorney=s
fees relating to his declaratory judgment action.  He also argues that the trial court erred in
granting summary judgment on the issue of attorney=s
fees relating to his conversion claim.








In declaratory judgment actions, the trial court
may award Areasonable
and necessary attorney=s
fees as are equitable and just.@  TEX. CIV. PRAC. & REM. CODE ANN. ' 37.009 (Vernon 1997).  We review a trial court=s ruling on attorney=s fees in a declaratory judgment action
under an abuse-of-discretion standard.  Oake
v. Collin County, 692 S.W.2d 454 (Tex.1985).  The trial court granted summary judgment
against Penny on his declaratory judgment claims, and Penny does not challenge
the trial court=s ruling
on his declaratory judgment claims on appeal. 
The trial court acted within its discretion in denying attorney=s fees to Penny B
the losing party B on his
declaratory judgment claims.

Penny asserts that fact issues exist as to whether
the Darnells=
conversion of Ruth Penny=s
personal property was malicious or fraudulent and that, therefore, the trial
court erred in granting summary judgment on the issue of attorney=s fees relating to his conversion
claim.  We have found that the trial
court=s
granting of summary judgment to the Darnells on Penny=s
conversion claim was proper.  Therefore,
the trial court did not err in granting summary judgment against Penny on the
issue of attorney=s fees
relating to his conversion claim.  Penny=s second issue is overruled.

                                                                This
Court=s Ruling

The judgment of the trial court is affirmed.

 

TERRY McCALL

JUSTICE

 

March 3, 2005

Not designated for publication. 
See TEX.R.APP.P. 47.2(a).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.











     [1]As we noted in Kelly v. LIN Television of Texas,
L.P., 27 S.W.3d 564, 568 (Tex.App. B Eastland
2000, pet=n den=d), the better practice is to file separate motions
relating to the conceptually distinct Rule 166a(c) and Rule 166a(i) summary
judgments.  Under a motion for a
no-evidence summary judgment, we review only the evidence presented by the
non-movant.  Rule 166a(i).  Analysis is made more difficult when it
appears that the movant may be relying on his or her summary judgment evidence
yet is asserting that there is no evidence on a particular element of the
non-movant=s case.