NO.
12-06-00059-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

TIMOTHY E. THOMPSON §                      APPEAL FROM THE 114TH

AND PAMELA THOMPSON,

APPELLANTS

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

BRADLEY O. KING,
M.D.,  AND

MICHAEL WILLIAMS, M.D.,

APPELLEES §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Timothy E.
Thompson (“Thompson”) and his wife, Pamela Thompson (collectively the “Thompsons”)
appeal the trial court’s order granting summary judgment in favor of Bradley O.
King, M.D. and Michael Williams, M.D. 
The Thompsons raise five issues on appeal.  We affirm.

 

Background

            On
May 12, 2002, Thompson went to the East Texas Medical Center (“ETMC”) emergency
room complaining of pain on the lower left side of his chest and was examined
by King. King ordered a chest x-ray, reviewed the x-ray, and diagnosed Thompson
with an acute chest wall contusion/strain. King then prescribed medication to
Thompson and discharged him.








            Thompson’s
chest x-ray was also reviewed by a radiologist. 
In his report, the radiologist noted, “[A] 4 x 5 cm right apical lung
mass is worrisome for lung carcinoma.” 
He further noted in his report that Williams was notified by phone of
the findings.  Although Williams worked
in the ETMC emergency room, he had not been involved Thompson’s care.  Neither King nor Williams disclosed the
radiologist’s findings to Thompson.  It
was later determined that the mass in Thompson’s right lung was cancerous.

             The Thompsons brought a medical malpractice
suit against King, Williams, and ETMC. 
Subsequently, King filed no evidence and traditional motions for summary
judgment.  Williams filed a no evidence
motion for summary judgment.  The no
evidence motions each alleged that there was no evidence to support the
essential element that King or Williams respectively breached the standard of
care.  

            On
January 11, 2006, the Thompsons filed a response and attached the affidavit of
Pedro T. Zevallos, a practicing physician specializing in pulmonary
diseases.  Zevallos’s affidavit was the
only supporting evidence from an expert witness relating to whether King and
Williams had breached the standard of care.

            On
January 18, 2006, the trial court conducted a hearing on the matter.  That same day, King and Williams filed joint
objections to Zevallos’s affidavit arguing that Zevallos was neither timely nor
properly designated and, further, that he was not qualified to provide opinions
regarding the standard of care owed to Thompson by King and Williams.[1]  On January 24, 2006, the trial court
sustained King and Williams’s objections to Zevallos’s affidavit, found that
Zevallos was not qualified to render expert opinions as to King and Williams,
and granted summary judgment in King and Williams’s favor.  Thereafter, the  trial court severed the Thompsons’ claims
against King and Williams. This appeal followed.

 

Timeliness
of Objection to Summary Judgment Evidence








            In
their first issue, the Thompsons claim that King and Williams’s objections to
Zevallos’s affidavit were untimely.  To
preserve a complaint for appellate review, a party is required to present the
complaint to the trial court by a timely request, objection, or motion that
stated the grounds for the ruling that the party sought from the trial court
with sufficient specificity to make the trial court aware of the
complaint.  See Tex. R. App. P. 33.1(a).  This rule ensures that the trial court has
had the opportunity to rule on matters for which parties later seek appellate
review.  In re E. Tex. Med. Ctr.
Athens, 154 S.W.3d 933, 936 (Tex. App.–Tyler 2005, orig.
proceeding).  In the case at hand, the
Thompsons failed to object to the trial court that King and Williams’s
objections to  Zevallos’s affidavit were
untimely.  Therefore, the Thompsons
waived the error, if any, of which they now complain.  The Thompsons’ first issue is overruled.

 

Expert
Witness Designation

            In
their second issue, the Thompsons argue that Zevallos was timely designated as
an expert witness.  In their third issue,
the Thompsons contend that Zevallos was qualified to offer opinions regarding
the standard of care owed by King and Williams. 

            Summary
judgment evidence must be admissible under the rules of evidence.  See Doncaster v. Hernaiz,
161 S.W.3d 594, 601 (Tex. App.–San Antonio 2005, no pet.).  A trial court’s evidentiary rulings related
to a motion for summary judgment are reviewed for an abuse of discretion.  Cantu v. Horany, 195 S.W.3d
867, 871 (Tex. App.–Dallas 2006, no pet.). 
The trial court abuses its discretion when it acts without regard for
any guiding rules or principles.  Owens-Corning Fiberglass Corp. v. Malone,
972 S.W.2d 35, 43 (Tex. 1998). The appellant bears the burden of bringing forth
a record that demonstrates the trial court abused its discretion in ruling on
the appellee’s objections to summary judgment evidence. See Cantu,
195 S.W.3d at 871. The trial court’s evidentiary ruling must be upheld if there
is any legitimate basis for the ruling.  Malone,
972 S.W.2d at 43.

            To
properly support a claim for medical malpractice, the plaintiff must offer
expert testimony on the element of breach of the standard of care.  See Cunningham v. Columbia/St. David’s
Healthcare System, 185 S.W.3d 7, 10 (Tex. App.–Austin 2005, no
pet.).  For an expert witness’s testimony
to be considered as summary judgment evidence, the party must timely designate
the expert as a testifying witness.  Cunningham,
185 S.W.3d at 10-11; see also Tex.
R. Civ. P. 193.6.  It is not
enough for the party to simply file the expert report statutorily required of
plaintiffs in medical malpractice claims by Texas Civil Practice and Remedies
Code, section 74.351.  See Cunningham,
185 S.W.3d at 11.  Additionally, it is
not sufficient to simply list the witness as an expert and provide the areas on
which the witness will testify.  Id.  Instead, to properly designate an expert
witness, the party must disclose all information under Texas Rule of Civil
Procedure 194.2(f).  See Tex.
R. Civ. P. 195.2.  If the party
does not timely designate the expert, the testimony must be excluded unless the
party can establish that (1) there was good cause for the failure or (2) the
failure will not unfairly surprise or unfairly prejudice the other parties.  See Tex. R. Civ. P. 193.6(a),(b).  Alternatively, the trial court, in its
discretion, may grant a continuance to allow the late designation and to allow
opposing parties to conduct additional discovery necessitated by the new
information presented.  See Tex. R. Civ. P. 193.6(c).

            Here,
Zevallos’s affidavit was the sole expert testimony relating to the standard of
care element upon which the Thompsons relied in their response to King’s and
Williams’s respective motions for summary judgment.  However, the record does not indicate that
the Thompsons properly designated 
Zevallos.  Although the Thompsons
listed Zevallos as an expert witness, they failed to provide the general
substance of Zevallos’s mental impressions and opinions as well as a brief
summary of the basis therefor.  See Tex.
R. Civ. P. 194.2(f)(3).  The
Thompsons further did not satisfy the requirement that they provide the “documents,
tangible things, reports, models, or data compilations that [had] been provided
to, reviewed by, or prepared by or for the [Zevallos] in anticipation of [his]
testimony.”  See Tex. R. Civ. P. 194.2(f)(4)(A).  Instead, in response to the pertinent portion
of King and Williams’s joint request for disclosure, the Thompsons stated, “No
expert witnesses have been designated by the Plaintiffs as of this time.”  The Thompsons neither supplemented their
response nor provided the trial court with a reason for their lack of
response.  Therefore, we hold that the
trial court acted within its discretion in sustaining King and Williams’s
objections Zevallos’s affidavit.  The
Thompsons’ second issue is overruled.[2] 

 

No Evidence
Summary Judgment

            In
their fourth issue, the Thompsons argue that they need not bring forth evidence
that King’s and Williams’s actions were committed with willful and wanton
negligence.  In their fifth issue, the
Thompsons contend that, even if willful and wanton negligence is the proper
standard, they brought forth evidence that would create a fact issue as to
whether King’s and Williams’s conduct amounted to a willful and wanton breach
of the standard of care. 

            After
adequate time for discovery, a party without presenting summary judgment
evidence may also move for summary judgment on the ground that there is no
evidence of one or more essential elements of a claim or defense on which an
adverse party would have the burden of proof at trial.  Tex.
R. Civ. P. 166a(i).  The motion
must state the elements for which there is no evidence.  Id.  The court must grant
the motion unless the nonmovant produces summary judgment evidence raising a
genuine issue of material fact.  Id.  The movant need not produce any proof in
support of its no evidence claim.  See
id.; see also Judge David Hittner and Lynne Liberato, Summary
Judgments in Texas, 34 Hous. L. Rev.
1303, 1356 (1998).  The motion must be
specific in alleging a lack of evidence on an essential element of a cause of
action, but need not specifically attack the evidentiary components that may
prove an element of the cause of action. 
See Denton v. Big Spring Hosp. Corp., 998 S.W.2d 294, 298
(Tex. App.–Eastland 1999, no pet.).  Once
a no evidence motion has been filed in accordance with Rule 166a(i), the burden
shifts to the nonmovant to bring forth evidence that raises a fact issue on the
challenged evidence.  See Macias v.
Fiesta Mart, Inc., 988 S.W.2d 316, 316–17 (Tex. App.–Houston [14th
Dist.] 1999, no pet.).  A no evidence motion
is properly granted if the nonmovant fails to bring forth more than a scintilla
of probative evidence to raise a genuine issue of material fact as to an
essential element of the nonmovant’s claim on which the nonmovant would have
the burden of proof at trial.  See
Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711
(Tex.1997).  If the evidence supporting a
finding rises to a level that would enable reasonable, fair minded persons to
differ in their conclusions, then more than a scintilla of evidence
exists.  See id.  Less than a scintilla of evidence exists when
the evidence is so weak as to do no more than create a mere surmise or
suspicion of a fact, and the legal effect is that there is no evidence. See Kindred
v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex.1983).

            On
appeal, we will uphold a no evidence summary judgment only if the summary
judgment record reveals no evidence of the challenged element, i.e., (a) there
is a complete absence of evidence as to the challenged element; (b) the
evidence offered to prove the challenged element is no more than a mere
scintilla; (c) the evidence establishes conclusively the opposite of the
challenged element; or (d) the court is barred by rules of law or of evidence
from giving weight to the only evidence offered to prove the challenged
element.  See Taylor-Made Hose,
Inc. v. Wilkerson, 21 S.W.3d 484, 488 (Tex. App.–San Antonio 2000, pet.
denied) (citing Robert W. Calvert, “No Evidence” and “Insufficient Evidence”
Points of Error, 38 Texas L. Rev.
361, 362-63 (1960)).

            Without
expert testimony of breach, a plaintiff’s claim in a medical malpractice action
fails.  See Cunningham, 185
S.W.3d at 10.  Other than Zevallos’s
affidavit, the Thompsons did not present any expert testimony relating to the
element of breach of the standard of care. 
Because the Thompsons failed to present evidence that King and Williams
breached the standard of care, they also failed to present evidence of a
willful and wanton breach.  Therefore,
the trial court’s grant of summary judgment was proper.  See Tex.
R. Civ. P. 166a(i).  The Thompsons’
fifth issue is overruled.[3]

 

Disposition

            Having
considered only the Thompsons’ first, second, and fifth issues and overruled
them, we affirm the trial court’s judgment.

 

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

            

 

 

Opinion delivered March 7,
2007.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

                                                                                                

 

(PUBLISH)











[1]
The trial court had ordered the Thompsons to designate all expert witnesses by
August 1, 2005.  The deadline was
subsequently extended by agreement of the parties to August 19, 2005.  The Thompsons had submitted a report by
Zevallos to satisfy the requirements of an expert report for the prosecution of
a medical malpractice claim pursuant to Texas Civil Practice and Remedies Code,
section 74.351 and had listed Zevallos in their expert witness designation
along with a list of general topics he would address.  However, they did not provide information
related to his opinions in response to King and Williams’s request for
disclosure. 





[2] Having sustained the Thompsons’ second issue,
we need not consider their third issue.





[3] Because the Thompsons failed to raise any
evidence to properly support the element of breach of the standard of care, we
need not consider their fourth issue.