# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00711-CV

**Cherrie Cunningham, Individually and as Next Friend
of Troy Conaster, Appellant**

**v.**

**Columbia/St. David's Healthcare System, L.P.
d/b/a South Austin Hospital, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
NO. GN301759, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING**

## O P I N I O N

Cherrie Cunningham, individually and as the next friend of her late father, Troy Conaster, filed suit against appellant Columbia/St. David's Healthcare System, L.P., ("Columbia") on May 29, 2003, alleging that the hospital's medical negligence caused her father's death.[1] The trial court granted a no-evidence summary judgment in favor of Columbia, dismissing each of Cunningham's medical malpractice claims. She now appeals, urging that (1) although her expert was not timely designated, the trial court should have considered the expert's affidavit as summary

---

[1] Cunningham also sued Dr. Rehana Ahmed for medical malpractice related to her father's death, but Ahmed was subsequently nonsuited and is not a party to this appeal.

judgment evidence and (2) alternatively, the trial court should have granted her motion for continuance. We will affirm.[2]

## DISCUSSION

A defendant moving for summary judgment under Rule 166a(i) must establish that "after adequate time for discovery . . . there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." Tex. R. Civ. P. 166a(i); *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 98 (Tex. 2004). The plaintiff then carries the burden to put forth enough probative evidence to raise a genuine issue of material fact on each of the challenged elements. *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 207 (Tex. 2002).

To preclude summary judgment in a medical malpractice case, the plaintiff must offer expert testimony on the essential elements of its claim, including the standard of care, breach, and causation. *American Transitional Care Ctrs., Inc. v. Palacios*, 46 S.W.3d 873, 876 (Tex. 2001); *Shelton v. Sargent*, 144 S.W.3d 113, 124 (Tex. App.—Fort Worth 2004, pet. denied); *see also Forbes, Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003) (generally discussing plaintiff's burden in no-evidence summary judgment); *Krishnan v. Ramirez*, 42 S.W.3d 205, 212 (Tex. App.—Corpus Christi 2001, pet. denied) (discussing elements of medical malpractice claim).

In order for a trial court to consider the plaintiff's expert's testimony as summary judgment evidence, the plaintiff must have timely designated that expert as a testifying witness. *See*

---

[2] Because the outcome of this appeal turns solely on the procedural history, it is not necessary to discuss the substantive facts underlying Cunningham's medical malpractice claims.

Tex. R. Civ. P. 193.6. According to Texas Rule of Civil Procedure 195.2, a plaintiff may satisfy this designation requirement by furnishing the information listed in Rule 194.2(f) in response to a request for disclosure. *Id*. 194.2(f); 195.2.[3] Although a plaintiff may have supplied some information about its expert by filing an expert report, as is statutorily required in medical malpractice cases,[4] the filing of such a report does not satisfy the procedural requirement of "designating" an expert. *Coleman v. Woolf*, 129 S.W.3d 744, 748 (Tex. App.—Fort Worth 2004, no pet.); *Patriacca v. Frost*, 98 S.W.3d 303, 304 (Tex. App.—Houston [1st Dist.], no pet.).

A plaintiff's expert will be considered designated "timely" if the requested information is provided either 90 days before the end of the discovery period or as otherwise ordered by the court, such as in a Level III scheduling order. *See* Tex. R. Civ. P. 190.4; 195.2. If a party fails to timely designate an expert witness—*i.e.*, fails to timely provide an adequate response to the Rule 194.2(f) request—then testimony from that expert will be excluded unless the trial court determines that the party seeking to introduce the evidence established either (1) the existence of good cause for

[3] For a retained, testifying expert, Rule 194.2(f) permits discovery of the expert's biographical information; the subject matter of the expert's testimony; a brief summary of the expert's opinions and the basis for them; all documents and items prepared by, reviewed by, or provided to the expert in anticipation of testimony; and the expert's current resume and bibliography. Tex. R. Civ. P. 194.2(f).

[4] Medical malpractice cases that were filed prior to September 1, 2003, as was the instant case, are governed by article 4590i. *See* Act of August 29, 1977, 65th Leg., R.S., ch. 817, 1977 Tex. Gen. Laws 2039, (formerly codified at Tex. Rev. Civ. Stat. Ann. art. 4590i, §§ 1.01-16.02 (the "Medical Liability and Improvement Act")), repealed by Act of September 1, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 864, 884. Article 4590i, section 13.01(a)(3), mandated that claimants in health care liability claims file an expert report within 90 days of filing the claim; section 13.01(k) expressly prohibited the use of that report as evidence for any purpose. *See id.* Upon the repeal of article 4590i, the relevant sections governing expert reports were recodified, with some amendments, in chapter 74 of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351 (West 2005).

3

its failure or (2) that it would not unfairly surprise or prejudice the other parties to admit the evidence despite the inadequate discovery response. *Id*. 193.6(a), (b). Even if the party seeking to admit the evidence is unable to establish either good cause or a lack of unfair surprise or prejudice, the trial court has discretion to grant a continuance to allow the party to make, amend, or supplement its discovery response and to allow the other parties to conduct additional discovery based on any new information presented by that response. *Id*. 193.6(c).

In the instant case, according to a Level III scheduling order, Cunningham was required to designate all experts by June 29, 2004. Cunningham filed an initial expert report by Dr. Charles Marable, in compliance with article 4590i, in August 2003. As of December 2003, Columbia had served a request for disclosure on Cunningham seeking all information listed in Rule 194.2(f), and she had responded only that "Plaintiffs have not yet determined testifying expert witnesses. Plaintiffs will supplement pursuant to the court's Scheduling Order for a Level III case." When the June deadline passed without Cunningham supplementing her response to Columbia's request for disclosure, Columbia moved for a no-evidence summary judgment. On August 2, 2004, Columbia urged that it was entitled to judgment as a matter of law because, given Cunningham's failure to timely designate an expert witness in this medical malpractice case, she had no probative evidence on the essential elements of her claims. *See id*. 166a(i); *Palacios*, 46 S.W.3d at 876, 879.

Cunningham responded to Columbia's summary judgment motion on September 7, 2004, attaching Marable's affidavit for the first time. Cunningham relied on this affidavit as proof that she had produced more than a scintilla of evidence to raise genuine issues of material fact on each of her essential elements. Although she acknowledged that Marable had not been timely

4

designated as an expert witness, she urged the trial court to consider his testimony as summary judgment evidence because she had good cause for the untimely designation and because it would not unduly prejudice Columbia.[5] *See* Tex. R. Civ. P. 193.6(a), (b). The court granted Columbia's motion to strike Marable's affidavit, granted Columbia's no-evidence summary judgment motion, and denied Cunningham's motion for continuance. Cunningham now challenges the trial court's actions.

As a preliminary matter, Cunningham urges that the rules of civil procedure governing discovery practices do not apply in summary judgment proceedings because such proceedings are wholly governed by Rule 166a. *See id.* 190-215; 166a. Accordingly, Cunningham argues that evidence offered for summary judgment purposes need not satisfy the standards of admissibility required for trial evidence. Hence, she contends that Rule 193.6—dictating that expert testimony is inadmissible unless the expert has been properly designated—does not prohibit a non-designated expert's testimony from being considered as summary judgment evidence. *See id.* 193.6. Cunningham bases her argument on *Johnson v. Fuselier*, 83 S.W.3d 892, 897 (Tex. App.—Texarkana 2002, no pet.), and *Alaniz v. Hoyt*, 105 S.W.3d 330, 340 (Tex. App.—Corpus

---

[5] Cunningham's obligation to designate Marable as an expert witness was not satisfied merely by having his 4590i report on file. *Patriacca v. Frost*, 98 S.W.3d 303, 304 (Tex. App.—Houston [1st Dist.], no pet.). Further, although Cunningham did file a supplemental response to Columbia's request for disclosure on August 31, 2004—naming Marable as a testifying expert and attaching his *curriculum vitae* as well as his previously prepared 4590i report—this also did not satisfy her designation requirement because it was untimely. The Level III scheduling order required Cunningham's experts to be designated by June 29, 2004, two months before her supplemental response. And, although the parties had entered a Rule 11 agreement extending other discovery deadlines for Cunningham, the agreement expressly stated that it did not extend Cunningham's deadline to designate experts. *See* Tex. R. Civ. P. 11.

5

Christi 2003, no pet.), both of which hold that, because Rule 166a provides a "comprehensive framework" for summary judgment procedure, the discovery rules are inapplicable to the admission of evidence at that stage.

Cunningham acknowledges, however, that in a case with facts nearly identical to the instant ones, this Court has taken the contrary position. In *Ersek v. Davis & Davis, P.C.*, we held that, following the 1999 revisions to the rules of civil procedure, the discovery rules apply in summary judgment proceedings and, as such, the plaintiff's expert's affidavit could not be considered as evidence for summary judgment purposes where the plaintiff failed to timely designate the expert and was unable to establish either good cause for a late designation or a lack of unfair surprise or prejudice. 69 S.W.3d 268, 273 (Tex. App.—Austin 2002, pet. denied) (citing Tex. R. Civ. P. 193.6).[6] We decline to depart from our reasoning in *Ersek* and, therefore, hold that the rules requiring an expert to be designated before any testimony from that expert can be admitted apply in summary judgment proceedings, such that a non-designated expert's affidavit cannot be considered as summary judgment evidence absent a showing of good cause or a lack of unfair surprise or prejudice. *See* Tex. R. Civ. P. 193.6.

The question then becomes whether Cunningham satisfied her burden to show either good cause for her untimely designation or a lack of unfair surprise or prejudice to Columbia. If

---

[6] Other courts have reached this same conclusion. *See Coleman v. Woolf*, 129 S.W.3d 744, 747 (Tex. App.—Fort Worth 2004, no pet.); *Villegas v. Texas Dep't of Transp.*, 120 S.W.3d 26 (Tex. App.—San Antonio 2003, pet. denied); *Patriacca*, 98 S.W.3d at 306; *see also Soto v. Drefke*, No. 13-03-301-CV, 2005 Tex. App. LEXIS 1831, at *7 n.9 (Tex. App.—Corpus Christi, March 10, 2005, no pet.) (mem. op.) (reconsidering issue after *Alaniz*: "we do not wholly disagree with the application of rule 193.6 in a summary judgment context under the revised rules").

Cunningham failed to meet this burden, then under Rule 193.6, the court's decision to strike Marable's affidavit should be affirmed. *Id*.; *Alvarado v. Farah Mfg. Co.*, 830 S.W.2d 911, 914 (Tex. 1992). We review this decision under an abuse of discretion standard. *Ersek*, 69 S.W.3d at 271. This Court may not substitute its judgment for that of the trial court absent a clear abuse of discretion. *Gammill v. Jack Williams Chevrolet, Inc.*, 983 S.W.2d 1, 5, 13 (Tex. 1996). Under this test, the trial court's decision will be upheld unless the record demonstrates that the court acted without reference to any guiding principles of law. *Id*.

Cunningham contends that she established good cause with evidence that the failure to timely designate Marable was an inadvertent mistake based on a miscommunication between her attorney and his legal assistant. Cunningham attached the legal assistant's affidavit to her summary judgment response, averring that

> [the assistant] checked to see whether the designation had been filed . . ., saw two [4590i report] documents in the file . . ., [and] believed that these documents were the designations required to be filed by June 29, 2004. When [Cunningham's attorney] asked if the designation had been filed with the court, [the assistant] told him that they already had been filed.

The Texas Supreme Court has held that "[c]ounsel should not be excused from the requirements of the rule without a strict showing of good cause." *Alvarado*, 830 S.W.2d at 915 (discussing Rule 215, predecessor to Rule 193.6 before 1999 amendments). Because lawyers are responsible for the actions of the legal assistants that they supervise, the procedural mistakes made by a legal assistant are imputed to the supervising attorney. *See* Tex. Disciplinary R. Prof'l Conduct 5.03 (reprinted in Tex. Gov't Code Ann., tit. 2, subtit. G app. A, art. 10, § 9 (West 2005)); *see also*

7

*Weaver v. E-Z Mart Stores*, 942 S.W.2d 167, 170 (Tex. App.—Texarkana 1997, no writ). "[I]nadvertence of counsel, by itself, [is] not good cause" because, if it were, "the exception would swallow up the rule, for there would be very few cases in which counsel would admit to making a deliberate decision not to comply with the discovery rules." *Alvarado*, 830 S.W.2d at 915; *see also Agristor Credit Corp. v. Donahoe*, 568 S.W.2d 422, 426 (Tex. Civ. App.—Waco 1978, writ ref'd n.r.e.) (because secretarial mistakes are imputed to attorney and inadvertence of counsel is insufficient, counsel's excuse that secretary failed to inform him about discovery deadlines was not good cause). Thus, the trial court's determination that Cunningham's excuse did not constitute good cause was not an abuse of discretion because it was in accordance with the law.

Cunningham also urged that, despite her failure to designate Marable as a testifying expert witness, Columbia would not be unfairly surprised or prejudiced by the trial court's consideration of Marable's affidavit as summary judgment evidence because Marable's 4590i report had been on file since August 2003, a year before Columbia filed its summary judgment motion.

A primary purpose of the discovery rules is to prevent trial by ambush. *Alvarado*, 830 S.W.2d at 914. In preparing for trial, a party ought to be "assured that a witness will not be called because opposing counsel has not identified the witness in response to a proper [discovery request]." *Id*. at 915. Thus, even if the party knows the substance of the witness's opinions, the non-designated witness should not be permitted to testify because the party is not on notice that the witness will be called and, thus, cannot adequately prepare. *See id*.; *Sharp v. Broadway Nat'l Bank*, 784 S.W.2d 669, 671 (Tex. 1990); *State Office of Risk Mgmt. v. Escalante*, 162 S.W.3d 619, 627-28 (Tex. App.—El Paso 2005, pet. filed). Further, "[a] party should not have to anticipate the disclosure of

8

a material witness merely because his or her testimony would be vital to the case. The discovery rules were revised to make that sort of anticipation unnecessary." *Matagorda County Hosp. Dist. v. Burwell*, 94 S.W.3d 75, 83 (Tex. App.—Corpus Christi 2002, no pet.).

Merely filing a medical malpractice expert's 4590i report does not "designate" that expert as a testifying witness so as to put the opposing party on notice to prepare a rebuttal. *See Coleman*, 129 S.W.3d at 748; *Patriacca*, 98 S.W.3d at 304. Consequently, the fact that a non-designated expert's initial report has been filed does not prevent the opposing party from suffering unfair surprise or prejudice if that expert's testimony is then considered as evidence for summary judgment purposes. Therefore, Cunningham's claim that Columbia would not be unfairly surprised or prejudiced by the admission of Marable's affidavit is unpersuasive, and the trial court did not abuse its discretion in determining that Cunningham failed to carry her burden under Rule 193.6. *See Ersek*, 69 S.W.3d at 271.

Because Cunningham concedes that she failed to designate Marable as an expert witness and because both her arguments on the existence of good cause and the lack of unfair surprise or prejudice are without merit, we conclude that the trial court did not abuse its discretion in refusing to consider Marable's affidavit as summary judgment evidence. *See* Tex. R. Civ. P. 193.6; *Gammill,* 983 S.W.2d at 13. Because Marable's properly-excluded affidavit was the only probative evidence relied on by Cunningham to support her assertion that she raised a genuine issue of material fact on each of her essential elements, the trial court did not err in granting Columbia's no-evidence summary judgment, which dismissed each of Cunningham's medical malpractice

9

claims.[7] *See King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (no-evidence summary judgment should be affirmed when there is a "complete absence of evidence on a vital fact" or when "the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact.").

In the alternative, Cunningham argues that even if she failed to carry her burden of establishing either good cause or a lack of unfair surprise or prejudice, the trial court erred by not granting her motion for continuance. Rule 193.6(c) provides the trial court with complete discretion over whether to grant a continuance in these circumstances. *See* Tex. R. Civ. P. 193.6(c) ("if the party seeking to introduce the evidence . . . fails to carry the burden . . . the court *may* grant a continuance" (emphasis added)). Accordingly, we review this decision for an abuse of discretion. *Barr v. AAA Tex., LLC*, 167 S.W.3d 32, 37 (Tex. App.—Waco 2005, no pet.). In determining whether the court abused its discretion in denying the continuance, we consider "the length of time the case has been on file, the materiality and purpose of the discovery sought, and whether the party seeking the continuance has exercised due diligence to obtain the discovery sought." *Id*. (quoting *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004)).

By the time Columbia sought summary judgment, this case had been on file for over a year. Cunningham filed Marable's 4590i report in August 2003 and agreed in January 2004 that

---

[7] Columbia also sought a summary judgment on the grounds that the expert's affidavit was conclusory, that Cunningham presented no evidence that Conaster had better than a 50% chance of surviving, and that Cunningham failed to respond to the summary judgment more than seven days before the hearing. Because we hold that Cunningham's failure to present expert testimony on her essential elements was a sufficient basis on which to grant Columbia's no-evidence motion, we do not address these other grounds.

she would designate all testifying experts by June 2004. Thus, Cunningham had almost a year to consider whether she would call Marable as a testifying expert, and she was on notice for five months of the deadline by which she had to make this decision and properly designate him. Also, as is evidenced by Cunningham's initial response to Columbia's requests for disclosure, she was aware in December 2003 (eight months before Columbia sought summary judgment) that she needed to supplement her response to designate an expert.[8] Nonetheless, Cunningham failed to follow through with the designation. Although Cunningham attempts to blame this failure on the mistake of a legal assistant, it is established that an attorney's misplaced reliance on an assistant does not constitute due diligence. *See Agristor Credit Corp.*, 568 S.W.2d at 426; *Williams v. Basham,* No. 05-93-00471-CV, 1995 Tex. App. LEXIS 3855, at *6-7 (Tex. App.—Dallas, April 19, 1995, no writ) (not designated for publication).

Moreover, the trial court had discretion to deny Cunningham a continuance based on procedural deficiencies in her motion. Rule 251 requires that a motion for continuance state a sufficient cause that is supported by an affidavit. Tex. R. Civ. P. 251. When a movant fails to comply with the requirement that a supporting affidavit be attached, we generally presume that the trial court acted within its discretion to deny the continuance. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986). Cunningham requested a continuance as an alternative argument in her response to Columbia's summary judgment motion. Cunningham attached only the affidavits of the legal assistant and Marable, both of which related to her claim that the expert's affidavit should be

---

[8] Her response stated: "Plaintiffs have not yet determined testifying expert witnesses. Plaintiffs will supplement pursuant to the court's Scheduling Order for a Level III case."

considered as evidence to preclude summary judgment. Cunningham did not attach an affidavit supporting her motion for continuance. Further, Cunningham did not offer any sufficient cause for the continuance; her motion merely recited the language of Rule 193.6(c) and "respectfully requested" that the court grant a continuance in the event that it determined Cunningham failed to show good cause or a lack of prejudice or surprise.

Given Cunningham's lack of diligence in designating an expert and her failure to provide an affidavit in support of her motion, we cannot say that the trial court abused its discretion by denying Cunningham a continuance.

## CONCLUSION

The trial court committed no error in refusing to consider the affidavit of Cunningham's non-designated expert, in granting Columbia's no-evidence summary judgment motion, and in denying Cunningham's motion for continuance. We overrule each of Cunningham's issues and affirm the judgment of the trial court.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: October 13, 2005

12