Opinion issued April 5, 2007






 






In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00549-CV






SHIRLEY MOORE YORK, Appellant


V.


WILLIAM A. SAMUEL and MARGARET SAMUEL, Appellees






On Appeal from the Probate Court No. One

Harris County, Texas

Trial Court Cause No. 322,222-402






MEMORANDUM OPINION

 Appellant, Shirley Moore York, appeals from a summary judgment rendered
by the probate court in favor of appellees, William A. Samuel and his daughter-in-law, Margaret Samuel, that determined that the Samuels "are the fee simple title
owners" of the disputed property and that granted the Samuels a writ of possession
for the property. In a single issue, Shirley challenges the probate court's rendition of
summary judgment by asserting that genuine issues of material fact exist concerning
(1) the "validity of the deed conveying the property to the Samuels by Margaret
McNeil and her sisters" and (2) the "existence of a constructive trust in favor of
Shirley York." Shirley also asserts that the justice court, which originally heard the
case before it was appealed to the county court at law and before the county court at
law transferred it to the probate court at Shirley's request, lacked jurisdiction. We
conclude that Shirley's challenge to the jurisdiction does not require reversal because
the judgment before us is from the probate court, not the justice court. We also
conclude that the probate court had jurisdiction and properly found that no fact issue
existed. We affirm.

Background On February 29, 1996, the Samuels purchased real property at 3443 Wentworth
in Houston. Later, Shirley and her husband, Ben York, resided at the Wentworth
property. After Ben died in November 1998, the Samuels sought to evict Shirley
from the premises by notifying her by mail on December 22, 1998, and later by hand-delivered notice, that Shirley's lease to the property was being terminated. When
Shirley did not vacate the premises, the Samuels filed a lawsuit to remove her from
the property.

 The Samuels originally filed a lawsuit to oust Shirley from the property in the
justice court . (1) The justice court rendered judgment in favor of the Samuels. Shirley
appealed the justice court decision to the county court at law for a trial de novo. After
Shirley moved to transfer the case to the probate court where the administration of
Ben's estate was pending, the county court at law transferred the case to Probate
Court No. 1. 

 In the probate court, the Samuels filed a motion for summary judgment. In
their motion for summary judgment, the Samuels asserted that "the undisputed
evidence establishes Plaintiffs purchased The Wentworth Property in fee simple on
February 29, 1996 and remain the record title owners." In the "Conclusion" to their
motion, the Samuels also asserted that they leased the property to Shirley and that,
after she was given written notice to vacate the property, she refused. The Samuels
contended that they "are the record title holders of the property . . . and are entitled
to regain clear title to and possession of their property." The Samuels "ask[ed] for
summary judgment on all issues and all parties." The Samuels prayed that "the court
grant Plaintiffs immediate possession of The Wentworth property." In the prayer of
the motion for summary judgment, the Samuels requested that the court grant their
motion for summary judgment and "grant Plaintiffs an immediate writ of possession
to the property located at 3443 Wentworth, Houston, Texas, and for such other relief,
at law or in equity to which the Plaintiffs may be justly entitled."

 Attached to the Samuels' motion was the affidavit of Margaret Samuels, who
averred that she and her father-in-law bought the property at issue, that the property
was leased to the Yorks under a month-to-month lease that was verbally agreed upon,
that after Ben died, Shirley was served with a notice of termination of the lease with
a request for her to vacate the property, and that Shirley refused to either vacate the
property or pay rent. The motion for summary judgment also included a copy of the
deed that the Samuels contend shows that they own the property. The deed is dated
February 29, 1996. The deed names as the grantors Margarete Lynnette McNeil and
her two sisters. The grantees are identified as William A. Samuel and Margaret Y.
Samuel. 

 Shirley's response to the motion for summary judgment denied the validity of
the deed that conveyed the property to the Samuels. Shirley also asserted that she
held equitable title to the property based on a constructive trust. (2) Shirley's summary
judgment evidence included the affidavit of Margaret Lynnette McNeil, who averred
that neither she nor her sisters, who conveyed the property, signed the deed in the
presence of the notary, as the acknowledgment indicates. McNeil's affidavit also 
stated that the intent of the parties to the deed was to grant the property to the
Samuels in trust for the benefit of the Yorks. Shirley's affidavit similarly stated that
the Samuels agreed "to become the trustees of the property for our benefit."

 The Samuels challenged the evidence presented in Shirley's response to their
motion for summary judgment by requesting that the court strike both affidavits. The
Samuels "specifically except[ed]" to McNeil's affidavit on the grounds that it was
"objectionable as parole [sic] evidence and hearsay." The Samuels also objected to
Shirley's affidavit on the grounds that the statements in the affidavit were based on
hearsay. The probate court's order sustained the special exceptions to the affidavits. 

 The probate court granted the Samuels' motion for summary judgment. The
probate court's judgment found that the Samuels were "the fee simple title owners of
3443 Wentworth" and granted the Samuels a writ of possession.

Jurisdiction

 Shirley challenges the justice court's jurisdiction to hear the original lawsuit
filed by the Samuels by asserting that the evidence fails to show that "the justice court
had jurisdiction to hear this dispute" because a "forcible entry and detainer (FED) suit
cannot be used to determine title to real property." However, the judgment before us
in this appeal is neither from the justice court nor from the county court at law that
received the appeal from the justice court. The judgment here is from the probate
court, which was administrating the estate of Ben York. The probate court received
the case when it was transferred there at Shirley's request. Shirley has not challenged
the jurisdiction of the probate court, nor has she explained why the probate court
would not have jurisdiction to determine whether the estate of Ben York was entitled
to the property.

 Although Shirley has not challenged the probate court's jurisdiction, we may
address the issue of jurisdiction sua sponte. Saudi v. Brieven, 176 S.W.3d 108, 113
(Tex. App.--Houston [1st Dist.] 2004, pet. denied). We note that the probate court
had jurisdiction to determine whether the estate of Ben York was the owner of or had
a possessory right to the property because it was charged with the administration of
his estate. See Tex. Prob. Code Ann. § 5(h) (Vernon Supp. 2006) ("A statutory
probate court has jurisdiction over any matter appertaining to an estate or incident to
an estate and has jurisdiction over any cause of action in which a personal
representative of an estate pending in the statutory probate court is a party.")
(Emphasis added); Id. § 5A(b) (stating that "the phrases 'appertaining to estates' and
'incident to an estate' . . . include . . . all claims by or against an estate [and] all
actions for trial of title to land . . . ."). We overrule Shirley's challenge to the justice
court's jurisdiction because the judgment before us is from the probate court, not the
justice court or the county court at law. We also hold that the probate court had
jurisdiction to determine that the Samuels were "the fee simple title owners of 3443
Wentworth" and to grant the Samuels a writ of possession.

Summary Judgment

 Shirley challenges the summary judgment by contending that there is an issue
of fact (1) whether the deed conveying the property to the Samuels was valid and (2)
whether there was a constructive trust in favor of the Yorks. Shirley points to the
affidavit of McNeil and her own affidavit. The probate court, however, ordered that
the contents of these affidavits were hearsay, and, in this appeal, Shirley has not
challenged the probate court's evidentiary ruling. Because Shirley has failed to
challenge the probate court's evidentiary ruling, we may not consider the evidence
that was struck by the court. See McClure v. Denham, 162 S.W.3d 346, 349 n.2 (Tex.
App.--Fort Worth 2005, no pet.) (noting that appellate court may only consider
evidence properly before trial court when reviewing propriety of summary judgment). 
The only evidence that Shirley contends raised an issue of fact is the evidence that
was struck by the trial court. Shirley, thus, fails to point to any evidence that raises
an issue of fact. See Cunningham v. Columbia/St.David's Healthcare Sys., L.P., 185
S.W.3d 7, 14 (Tex. App.--Austin 2005, no pet.) (holding that trial court properly
granted summary judgment because affidavit relied on by nonmovant to create fact
issue was excluded by trial court). 

 On appeal, Shirley has not asserted that the evidence presented by the Samuels
raised an issue of fact concerning the adequacy of the deed or the existence of a
constructive trust. We note that the Samuels' evidence conclusively established that
they were the fee simple title owners, that they leased the property to the Yorks, and
that Shirley failed to vacate the premises after receiving notice that her lease had
terminated. We hold that the trial court did not err by granting summary judgment
in favor of the Samuels. See id.

 We overrule Shirley's sole issue on appeal.

Conclusion

 We affirm the judgment of the probate court.





 Elsa Alcala

 Justice


Panel consists of Justices Taft, Alcala, and Hanks.
1. Both parties refer to the lawsuit as a "forcible entry and detainer" suit. It is actually
a "forcible detainer" suit. Compare Tex. Prop. Code Ann. § 24.001(a) (Vernon
2000) ("A person commits a forcible entry and detainer if the person enters the real
property of another without legal authority or by force and refuses to surrender
possession on demand") with § 24.002(a)(1) (Vernon 2000) (stating person commits
forcible detainer if person refuses to surrender possession of real property and is "a
tenant . . . holding over after the termination of the tenant's right of possession.").
2. On appeal, Shirley also calls this an "express" trust, seemingly using the terms
interchangeably.