In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-07-434 CV


____________________



GRETCHEN AUDI, Appellant



V.



 WALGREENS CO. AND KAREN BATES, Appellees






On Appeal from the 60th District Court


Jefferson County, Texas


Trial Cause No. B-176,144






MEMORANDUM OPINION


 Gretchen Audi appeals the no-evidence summary judgment granted in favor of
Walgreens Co. and Karen Bates. Audi alleged that Bates, a Walgreens-employed pharmacist,
failed to assure that Audi received the proper dosage after her prescription was inaccurately
transferred from another pharmacy. (1) In two issues, Audi contends the trial court erred in
requiring proof of a breach of the standard of care and claims her case should proceed as a
statutory or common law action for fraud.

 Audi concedes she did not produce evidence relevant to a breach of the standard of
care in response to the appellees' no-evidence motion for summary judgment. See Tex. R.
Civ. P. 166a(i). She contends she was mentally and physically disabled following
withdrawal of counsel and was unable to respond to the motion for summary judgment. 
Counsel withdrew two months before the appellees filed their motion for summary judgment. 
Audi requested a continuance in a letter to the trial court but stated only that she was too ill
to appear at the scheduled hearing and had not hired new counsel. Audi subsequently filed
a timely response to the motion for summary judgment. See Tex. R. Civ. P. 166a(c) ("Except
on leave of court, the adverse party, not later than seven days prior to the day of hearing may
file and serve opposing affidavits or other written response.").

 The decision to grant a continuance of a summary judgment hearing rests upon the
sound discretion of the trial court. See Tex. R. Civ. P. 166a(g) ("Should it appear from the
affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit
facts essential to justify his opposition, the court may refuse the application for judgment or
may order a continuance to permit affidavits to be obtained or depositions to be taken or
discovery to be had or may make such other order as is just."). In this case, Audi failed to
support her request for additional time with the affidavit required by Rule 166a(g). Id. She
also filed a timely response and in that response did not indicate that she could produce more
evidence if granted additional time. We hold the trial court did not abuse its discretion by
taking the motion for summary judgment under advisement when it did. See City of San
Antonio v. En Seguido, Ltd., 227 S.W.3d 237, 240 (Tex. App.--San Antonio 2007, no pet.);
Cunningham v. Columbia/St. David's Healthcare Sys., L.P., 185 S.W.3d 7, 15 (Tex. App.--Austin 2005, no pet.).

 Audi also argues that the trial court erred in granting summary judgment because
Walgreens committed Medicaid fraud. See generally Tex. Hum. Res. Code Ann. § 36.002
(Vernon Supp. 2007). Audi suggests her suit is or should be a qui tam suit. In summary
judgment procedure, the trial court considers only the pleadings on file at the time of the
hearing. Tex. R. Civ. P. 166a(c). Although Audi's lengthy petition includes a parenthetical
statement that Bates apparently charged Medicaid for 180 pills for a prescription filled in the
lower, incorrect amount, and states that "this matter is presently under investigation by the
fraud unit of the Texas State Medicaid program," Audi pled her causes of action in a separate
subtitled portion of her petition that does not mention fraud or false claims. Audi asserted
claims for negligence against Walgreens and Bates. For damages, Audi alleged she is
entitled to damages for loss of income, medical costs, pain and suffering, damages
consequential to her injury, and exemplary damages for gross negligence. These pleadings
cannot be construed as a suit to recover a claim on behalf of the government. Furthermore,
Audi's summary judgment response does not raise the existence of a claim other than for
negligence as grounds for avoiding summary judgment. Issues not expressly presented to the 
trial court cannot be considered on appeal as grounds for reversing a summary judgment. 
City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 675 (Tex. 1979). We hold the
trial court did not err in granting summary judgment. We overrule the appellant's issues and
affirm the judgment of the trial court.

 AFFIRMED.



 ______________________________

 STEVE McKEITHEN

 Chief Justice



Submitted on December 21, 2007

Opinion Delivered February 7, 2008


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. Audi settled her claims with non-suited defendants Vincent Luparello and Corner
Pharmacy.