

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00489-CV

Paul **BLACK**,
Appellant

v.

Mikal **WATTS**; Watts Guerra LLP; James R. Harris; and Harris & Greenwell, LLP,
Appellees

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2015-CI-20874
Honorable Cathleen M. Stryker, Judge Presiding

Opinion by:　Karen Angelini, Justice

Sitting:　　Sandee Bryan Marion, Chief Justice
　　　　　Karen Angelini, Justice
　　　　　Irene Rios, Justice

Delivered and Filed:　August 8, 2018

AFFIRMED

Paul Black appeals the summary judgment granted in favor of his former legal counsel Mikal Watts, Watts Guerra LLP, James R. Harris, and Harris & Greenwell, LLP. Black's issues on appeal relate to his untimely designation of his expert witness under Texas Rule of Civil Procedure 194. We conclude that Black's issues are without merit and affirm the judgment of the trial court.

BACKGROUND

On December 18, 2015, Paul Black filed a pro se lawsuit for legal malpractice against his former attorneys (Mikal Watts and James R. Harris) and their respective law firms (Watts Guerra LLP and Harris & Greenwell, LLP). On February 16, 2016, James R. Harris and the law firm Harris & Greenwell, LLP (collectively "Harris") filed a Verified Original Answer. Embedded within the answer was a request for disclosure:

> Pursuant to Rule 194 of the Texas Rules of Civil Procedure Plaintiff is requested to disclose within thirty (30) days of the service of this request, the information and material described in Rule 194.2.

On February 26, 2016, Mikal Watts and the law firm Watts Guerra LLP (collectively "Watts") filed an Original Answer, Counterclaims & Motion for Plaintiff to Furnish Security. Unlike the verified answer filed by Harris, the answer filed by Watts did not include a request for disclosure.

More than a year after the lawsuit was filed, on February 21, 2017, Black hired an attorney to represent him in this proceeding. Two days later, Harris and Watts filed a joint no-evidence motion for summary judgment. The motion argued Black had failed to conduct any discovery in the fourteen months since the lawsuit had been filed or designate any experts. The no-evidence motion for summary judgment emphasized that the deadlines to designate experts and complete discovery under the rules of civil procedure had passed and the discovery period had closed. Thus, the motion argued that because Black had not designated any experts, it would be impossible for him to meet his burden on his legal malpractice case.

Black filed a response to the no-evidence motion for summary judgment, arguing that he had been representing himself and had signed up with Bexar County to receive electronic notifications through his email address. He stated that on February 16, 2016, he received an email notification that described the filing as "No Fee Documents" and stated the link provided to view the filing would be active for seven days. Black attached a copy of the online email notification he

received on February 16, 2016 to his response. Black argued that he did not try to access this link before the link expired and never saw the contents of the filing. According to Black, "[n]owhere in the electronic notification is there any clue or other indication that this 'No Fee Documents' contains a Request for Disclosure." Black also argued that he had not received a copy of the request for disclosure in the mail and that neither Watts nor Harris emailed him the document, even though his email address was listed on his petition. According to Black, the first time he became aware of the request for disclosure was when Watts and Harris filed the no-evidence motion for summary judgment. Black argued he did not intentionally fail to comply with the request for disclosure, nor did he consciously disregard it. Black further argued that it was improper for Harris to have embedded a request for disclosure in a defendant's answer, and to have filed and served a request for disclosure in the manner Harris did. Black requested the trial court permit him to designate experts and deny the no-evidence motion for summary judgment.

In support of his response, Black attached (1) a Declaration of Alan Brandt Daughtry (Black's expert witness); (2) an affidavit by Black; and (3) a copy of the email sent by eFileTexas. Daughtry's declaration addressed the merits of Black's legal malpractice claim. Black's affidavit affirmed the same facts as described in his response to the no-evidence motion for summary judgment. His affidavit then addressed facts regarding the merits of the lawsuit. The email attached by Black from eFileTexas listed "Filing Details," which showed the "Date/Time Submitted" as "2/16/2016 1:52:53 PM" and the "Filing Type" as "No Fee Documents." The "Service Contacts" listed included Paul Black at his email address. Finally, in a section labeled "Document Details," a link was provided to view the document that had been filed. Immediately following the link was a warning: "This link is active for 7 days."

Harris and Watts then filed objections to Black's summary judgment evidence, arguing that the deadlines to designate experts and complete discovery had passed. They argued the

declaration from Black's previously undisclosed expert witness should be excluded because it was untimely. Further they argued that although Black claimed he was unaware of the request for disclosure, he was served with Harris's answer (which included the request for disclosure) through the electronic filing manager. In support of their objections, Harris and Watts attached the "service details" for the "envelope" of the electronic notification. The "envelope" confirmed Black received service on Harris's answer and "opened it" at 2:43:04 PM on February 16, 2016. They also attached an affidavit from Michael Jacobellis, who affirmed that he "caused to be served" Harris's answer, which included a request for disclosure, on Black. He affirmed that attached to his affidavit was a true and correct copy of the "envelope details" from the e-filing on February 16, 2016. He stated the envelope details are a business record of his law office documenting when documents are served on parties and when those documents are "opened" by the party receiving the service. He stated the document is kept in the ordinary course of business and was made at or near the time of the occurrence of the service. He affirmed the service envelope reflects that Paul Black "opened" the document containing the request for disclosures on February 16, 2016, at 2:43:04 PM.

The trial court denied Black's motion for leave to designate expert witnesses and sustained Harris and Watts' objections to Black's summary judgment evidence, ordering the summary judgment evidence stricken. The trial court then granted Harris and Watts' no-evidence motion for summary judgment and ordered that Black take nothing from Watts and Harris. The trial court also severed the counterclaims brought by Watts, making the judgment final and appealable. Black appealed.

## DISCUSSION

Texas Rule of Civil Procedure 166a(i) provides that "[a]fter adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which

the adverse party would have the burden of proof at trial." TEX. R. CIV. P. 166a(i). "The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact." *Id.* In this case, when Black failed to timely designate expert witnesses, Harris and Watts filed a joint no-evidence motion for summary judgment, arguing that Black could not prove his case without expert testimony. *See Haddy v. Caldwell*, 403 S.W.3d 544, 546 (Tex. App.—El Paso 2013, pet. denied) (explaining that a plaintiff cannot meet his burden of proof in a legal malpractice case unless he has expert testimony regarding causation and the standard of skill and care ordinarily exercised by an attorney). Thus, this appeal turns on whether the expert evidence submitted by Black in response to the no-evidence motion for summary judgment should have been excluded because Black untimely designated the expert.

First, Black argues the trial court erred in striking his expert and granting summary judgment in favor of Watts and Harris because Black demonstrated good cause and no unfair surprise to Watts and Harris. According to Black, he did not know about the existence of the request for disclosure in Harris's answer and the trial court abused its discretion in failing to find good cause existed.

> Texas Rule of Civil Procedure 194.1 provides that a
>
> party may obtain disclosure from another party of the information or material listed in Rule 194.2 by serving the other party—no later than 30 days before the end of any applicable discovery period—the following request: "Pursuant to Rule 194, you are requested to disclose, within 30 days of service of this request, the information or material described in Rule [state rule, e.g., 194.2, or 194.2(a), (c), and (f), or 194.2(d)-(g)]."

TEX. R. CIV. P. 194.1. Included in Rule 194.2(f) is information related to any testifying expert. *See* TEX. R. CIV. P. 194.2(f). Pursuant to Rule 194.3, the party responding to the request for disclosure "must serve a written response on the requesting party within 30 days after service of the request, except that: (a) a defendant served with a request before the defendant's answer is due need not

respond until 50 days after service of the request, and (b) a response to a request under Rule 194.2(f) is governed by Rule 195." TEX. R. CIV. P. 194.3. Rule 195.2 provides that unless ordered by the court, a party must designate experts "by the later of the following two dates: 30 days after the request is served" or "with regard to all experts testifying for a party seeking affirmative relief, 90 days before the end of the discovery period . . . ." TEX. R. CIV. P. 195.2.

Rule 193.6 provides that evidence from an untimely designated expert witness will be excluded unless the party can show one of two exceptions:

> A party who fails to make, amend, or supplement a discovery response in a timely manner may not introduce in evidence the material or information that was not timely disclosed, or offer the testimony of a witness (other than a named party) who was not timely identified, unless the court finds that: (1) there was good cause for the failure to timely make, amend, or supplement the discovery response; or (2) the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties.

TEX. R. CIV. P. 193.6(a). "The burden of establishing good cause or the lack of unfair surprise or unfair prejudice is on the party seeking to introduce the evidence or call the witness." TEX. R. CIV. P. 193.6(b). "A finding of good cause or of the lack of unfair surprise must be supported by the record." *Id.*

The Texas Supreme Court has determined that the evidentiary exclusion under Rule 193.6 applies to summary judgment proceedings. *Fort Brown Villas III Condo. Ass'n v. Gillenwater*, 285 S.W.3d 879, 881-82 (Tex. 2009). And, a trial court's decision to exclude an expert who has not been properly designated to testify is reviewed for abuse of discretion. *Id.* "The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985).

Black argues that he showed good cause for his failure to respond to Harris's request for disclosure because he did not know Harris had made a request for disclosure before March 13,

2017, and he had not been served with a request for disclosure before March 13, 2017. With regard to the email notification he received on February 16, 2016, Black argues he never saw that filing and was not put on notice that the filing included a request for disclosure. However, Harris and Watts attached evidence from which the trial court could infer that Black had seen the request for disclosure. The "envelope details" of the electronic notification reflect that Black was served with Harris's Verified Original Answer (which included the request for disclosure) on February 16, 2016, at his email address and that the email was opened on February 16, 2016 at "02:43:04 PM." Therefore, we find no abuse of discretion by the trial court in concluding Black had failed in his burden to show good cause. *See Cunningham v. Columbia/St. David's Healthcare Sys., L.P.*, 185 S.W.3d 7, 13 (Tex. App.—Austin 2005, no pet.) (explaining that inadvertence, by itself, does not constitute good cause because, if it were, "the exception would swallow up the rule, for there would be very few cases in which counsel would admit to making a deliberate decision not to comply with the discovery rules").

Black also argues that his failure to respond to the request for disclosure did not unfairly surprise or prejudice the other parties because his testifying expert, Alan Daughtry, is the same lawyer whom Black hired to draft his original petition. According to Black, "[b]ecause this retained expert is the same attorney who drafted the lawsuit prior to its filing, and because Plaintiff's Original Petition goes well beyond the standard for notice pleadings in Texas state courts, each Appellee has literally been aware of the substance of Alan Daughtry's opinions for well over a year prior to their formal disclosure."

While Black's testifying expert's opinions may be reflected in Black's petition, the fact remains that Black did not timely inform Harris and Watts that he had hired a testifying expert in this case. Nothing in the record shows that Watts and Harris were aware of Black's testifying expert or of his participation in this case. "[E]ven if the party knows the substance of the witness's

opinions, the non-designated witness should not be permitted to testify because the party is not on notice that the witness will be called and, thus, cannot adequately prepare." *Cunningham*, 185 S.W.3d at 14. In response to this assertion that the opposing parties could not adequately prepare, Black points to his own failure to prosecute his lawsuit in the year it was pending as evidence that Harris and Watts would not be unfairly surprised or prejudiced. Black argues there had not been any discovery, hearings, or a trial setting in the case. According to Black, because the "entire lawsuit had literally been dormant for over a year," "it was error for the trial court to strike [his] designated expert under these facts." We disagree with Black's reasoning. "A primary purpose of the discovery rules is to prevent trial by ambush." *Cunningham*, 185 S.W.3d at 14. Although there was not a trial setting, there was a no-evidence motion for summary judgment pending at the time Black finally made his untimely disclosure of his testifying expert. *See Fort Brown Villas III*, 285 S.W.3d at 881-82 (holding Rule 193.6's exclusionary rule applies to summary judgment proceedings). We find no abuse of discretion by the trial court in determining that Black had not met his burden to show admission of evidence from an undisclosed, untimely designated expert in the summary judgment proceeding would not unfairly surprise or prejudice Harris and Watts. *See Cunningham*, 185 S.W.3d at 14.

Black next argues the trial court erred in striking his experts because Harris's request for disclosure was filed in violation of Texas Rule of Civil Procedure 191.4. According to Black, Rule 191.4 "mandates that a Request for Disclosure must not be filed, electronically or otherwise, with the Court." Rule 191.4(a)-(c) provides,

> **191.4.  Filing of Discovery Materials**
>     (a) *Discovery Materials Not to Be Filed*. The following discovery materials must not be filed:
>         (1)    discovery requests, deposition notices, and subpoenas required to be served only on parties;
>         (2)    responses and objections to discovery requests and deposition notices, regardless on whom the requests or notices were served;

      (3)     documents and tangible things produced in discovery; and

      (4)     statements prepared in compliance with Rule 193.3(b) or (d).

    (b) *Discovery Materials to Be Filed*. The following discovery materials must be filed:

      (1)     discovery requests, deposition notices, and subpoenas required to be served on nonparties;

      (2)     motions and responses to motions pertaining to discovery matters; and

      (3)     agreements concerning discovery matters, to the extent necessary to comply with Rule 11.

    (c) *Exceptions*. Notwithstanding paragraph (a)—

      (1)     the court may order discovery materials to be filed;

      (2)     a person may file discovery materials in support of or in opposition to a motion or for other use in a court proceeding; and

      (3)     a person may file discovery materials necessary for a proceeding in an appellate court.

Black points to the text of Rule 191.4 and concludes that "it was improper" for Harris to have filed and served the request for disclosure and that "the 30 day clock for response was never triggered."

We first note that Harris filed the request for disclosure because it was part of the answer, which must be filed with the trial court. Further, Rule 191.4's text requiring certain discovery requests not to be filed was intended to alleviate storage problems of district clerks' offices. *See* Alex W. Albright & Charles Herring, Jr., 47 TEX. PRAC., DISCOVERY PRACTICE § 5.9 *Filing of Discovery Materials* (2017).[1] There is nothing in the text or the history of the rule to support Black's contention that a "violation" of the rule somehow invalidates the discovery request. *See id.*

Black also argues that it was "improper" for Harris to have included a request for disclosure in his answer. Black points to Rule 85 as support for his assertion:

---

[1] "A Texas Supreme Court survey of district and county clerks in the late 1990s indicated that filed discovery products accounted for approximately 60 to 80 percent of the volume of paper filed in the courts whose clerks responded." Alex W. Albright & Charles Herring, Jr., 47 TEX. PRAC., DISCOVERY PRACTICE § 5.9 *Filing of Discovery Materials* (2017). "At the urging of court clerks, the court enacted Rule 191.4, a general statewide rule limiting the filing of discovery." *Id.*

**Rule 85. Original Answer; Contents**

> The original answer may consist of motions to transfer venue, pleas to the jurisdiction, in abatement, or any other dilatory pleas; of special exceptions, of general denial, and any defense by way of avoidance or estoppel, and it may present a cross-action, which to that extent will place defendant in the attitude of a plaintiff. Matters in avoidance and estoppel may be stated together, or in several special pleas, each presenting a distinct defense, and numbered so as to admit of separate issues to be formed on them.

TEX. R. CIV. P. 85. Black argues that because discovery requests are absent from the text of Rule 85, "it was improper" for Harris "to have filed and served" its "request for disclosure in this manner." Black again argues his duty to respond was never triggered. We disagree with Black. Nothing in the text of Rule 85 precludes a party from including a request for disclosure in its answer. Indeed, it is a common practice for practitioners to include requests for disclosure "in their first pleading—either the original petition or the original answer." MICHOL O'CONNOR, O'CONNOR'S TEXAS RULES: CIVIL TRIALS § 3.1 (2017); *see also Oliphant Financial, LLC v. Galaviz*, 299 S.W.3d 829, 838 (Tex. App.—Dallas 2009, no pet.) ("A plaintiff may serve a request for admissions as part of its petition, and when the defendant fails to file an answer or other responses, those requests are deemed admitted.").

Black further argues that the "trial court erred in applying death penalty sanctions where Black made a showing of good cause for his failure to timely identify expert witnesses in response to the request for disclosure, the death penalty sanction was the only penalty sought, and no lesser sanction was even considered." What the trial court did in this case, however, cannot be characterized as imposing death penalty sanctions. A death penalty sanction is "when a trial court strikes a party's pleadings and dismisses its action or renders a default judgment against it for abuse of the discovery process," resulting in the court adjudicating "the party's claims without regard to their merits but based instead upon the parties' conduct of discovery." *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 918 (Tex. 1991). Here, the trial court simply

followed Rule 193 and refused to permit Black to untimely designate an expert witness. It is clear from the record that the exclusion of Black's expert witness under Rule 193.6(a) was a matter of admissibility rather than a sanction for discovery abuse. *See In re J.A.M., Jr.*, No. 04-11-00165-CV, 2012 WL 1648215 at *5 (Tex. App.—San Antonio 2012, pet. denied) ("The exclusion of a witness under Rule 193.6(a) based on untimely designation is a matter of admissibility rather than a sanction for discovery abuse under Rule 215.2.").

Finally, Black argues as follows:

> The trial court erred in striking [Black]'s experts and by granting summary judgment in favor of [Harris and Watts] where [Black] demonstrated that only [Harris] had actually propounded a request for disclosure to [Black]. Finally, and in the alternative, even if the trial court properly struck [Black]'s designation of experts, which [Black] contends was error, such a prohibition should not, under any circumstances, inure to the benefit of [Watts], since [Watts] did not serve requests for disclosure on [Black].

Black cites no legal support or analysis for this argument. We hold that Black has failed to adequately brief this issue and thus has waived his complaint on appeal. *See* TEX. R. APP. P. 38.1(i); *see also In re N.E.B.*, 251 S.W.3d 211, 212 (Tex. App.—Dallas 2008, no pet.) ("Bare assertions of error, without argument or authority, waive error.").

We therefore conclude that the trial court did not abuse its discretion in excluding Black's expert evidence under Rule 193.6.[2] Without his expert evidence, Black could not meet his burden to respond to Harris and Watt's no-evidence motion for summary judgment. Finding no error by the trial court, we affirm the trial court's summary judgment.

Karen Angelini, Justice

---

[2] Having concluded that the trial court did not err in striking Black's untimely designated expert evidence, we need not consider whether Black's expert testimony sufficiently raised a fact issue on each element of his claims against Harris and Watts.