

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00067-CV

ROBERT LOMERSON, ON BEHALF OF SHIRLEY LOMERSON, APPELLANT

V.

LYLE REID & ASSOCIATES, L.L.C. D/B/A LR FINE HOMES,
TIMOTHY CLARK, AND LISA MARIE CLARK, APPELLEES

On Appeal from the 342nd District Court
Tarrant County, Texas[1]
Trial Court No. 342-348721-23, Honorable Kimberly Fitzpatrick, Presiding

March 11, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant Robert Lomerson, on behalf of Shirley Lomerson, appeals the trial

court's order granting no-evidence summary judgment in favor of Appellees, Lyle Reid &

---

[1] This cause was originally filed in the Second Court of Appeals. It was transferred to this Court by a docket-equalization order of the Supreme Court of Texas. *See* TEX. GOV'T CODE § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

Associates, L.L.C. d/b/a LR Fine Homes, Timothy Clark, and Lisa Marie Clark. We affirm the judgment of the trial court.

## BACKGROUND

This appeal arises out of a property dispute between neighboring landowners. The Clarks contracted with Lyle Reid to construct a residence on their property. Lomerson brought suit alleging that the Clarks' construction altered the natural flow of surface water in a manner that caused damage to Lomerson's land and seawall. He asserted causes of action for trespass, negligence, and negligence per se under Texas Water Code section 11.086.

Appellees filed a no-evidence summary judgment motion challenging every element of Lomerson's claims. In particular, Appellees argued that Lomerson had no admissible evidence to establish causation or damages because he failed to timely designate his experts, rendering their technical reports inadmissible. Lomerson filed a response that included reports prepared by CD Environmental Engineering and Alliance Geotechnical Group. Appellees filed objections to the evidence Lomerson used to respond to Appellees' no-evidence summary judgment motion, including specifically objecting to the expert reports due to the experts being untimely designated. In his response to Appellees' objections, Lomerson acknowledged that he failed to designate these experts before the deadline. After hearing arguments, the trial court granted Appellees' no-evidence summary judgment motion. It did not, however, explicitly rule on Appellees' objections to Lomerson's evidence.

By one issue, Lomerson contends that the trial court erred in granting Appellees' no-evidence summary judgment motion.

## STANDARD OF REVIEW

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense. TEX. R. CIV. P. 166a(i). The motion must specifically state the elements for which there is no evidence. *Id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The trial court must grant the motion unless the nonmovant produces evidence that raises a genuine issue of material fact. *See* TEX. R. CIV. P. 166a(i) & cmt.; *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008).

We employ a de novo review of a trial court's ruling on a motion for summary judgment. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). In our review, we consider as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Summary judgment is appropriate if the movant establishes that there is no genuine issue of material fact and judgment should be granted as a matter of law. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005).

ANALYSIS

The Expert Reports

Lomerson's sole appellate issue contends that the trial court erred by granting Appellees' motion for no-evidence summary judgment. The evidence Lomerson claims raises a genuine issue of material fact includes two reports prepared by experts who were not timely designated.

A party that fails to make, amend, or supplement a discovery response in a timely manner may not introduce into evidence the material or information that was not timely disclosed, unless the trial court finds that there was good cause for the failure to timely disclose or the failure will not unfairly surprise or prejudice the other parties. TEX. R. CIV. P. 193.6(a). "Evidence not timely disclosed is automatically excluded in the context of both trials and summary judgments." *Cresson Int., LLC v. Rooster*, No. 02-21-00366-CV, 2022 Tex. App. LEXIS 6707, at *7 (Tex. App.—Fort Worth Aug. 31, 2022, pet. denied) (mem. op.) (citing *Fort Brown Villas III Condo. Ass'n v. Gillenwater*, 285 S.W.3d 879, 882 (Tex. 2009)). This exclusionary effect applies equally to expert reports and testimony. *See Wilson v. Murphy*, No. 02-23-00207-CV, 2024 Tex. App. LEXIS 2548, at *22–23 (Tex. App.—Fort Worth Apr. 11, 2024, no pet.) (mem. op.) ("When a party fails to timely designate an expert, exclusion is mandatory and automatic unless the court finds there was good cause for the failure to amend or supplement, or the failure will not unfairly surprise or prejudice the other party."). "Because exclusion is automatic, the party seeking to capitalize on Rule 193.6 need not move to compel or seek sanctions as an intermediate step." *Cresson Int., LLC*, 2022 Tex. App. LEXIS 6707, at *7. The party who fails to designate an expert has the burden to establish good cause or lack of unfair

surface before the trial court may admit the evidence. *Wilson*, 2024 Tex. App. LEXIS 2548, at *23; *Cresson Int., LLC*, 2022 Tex. App. LEXIS 6707, at *7–8.

In the present case, Lomerson failed to designate either CD Environmental Engineering or Alliance Geotechnical Group as experts by the trial court's discovery deadline, a fact he acknowledged in his response to Appellees' objections to his summary judgment evidence. Applying the law of the transferor court, as we must, these experts' reports were automatically excluded unless Lomerson could prove good cause for the experts not being timely designated or that the lack of designation would not result in unfair surprise or prejudice to Appellees. *Wilson*, 2024 Tex. App. LEXIS 2548, at *23; *Cresson Int., LLC*, 2022 Tex. App. LEXIS 6707, at *7–8. At the hearing on the summary judgment motion, Lomerson claimed that the failure to designate the experts was a mistake. However, he did not elaborate as to the nature of the mistake. Such a conclusory statement does not carry Lomerson's burden to prove good cause for the lack of timely designation of the experts.[2] *Wilson*, 2024 Tex. App. LEXIS 2548, at *23; *Cresson Int., LLC*, 2022 Tex. App. LEXIS 6707, at *7–8. Thus, even though the trial court did not make an express ruling on Appellees' objections to the experts, it could not consider this evidence in assessing whether Lomerson raised a genuine issue of material fact that would overcome Appellees' no-evidence summary judgment motion.

---

[2] To the extent that Lomerson relies on his inadvertence to timely designate his experts, "[i]nadvertence of counsel, by itself, is not good cause because, if it were, the exception would swallow up the rule, for there would be very few cases in which counsel would admit to making a deliberate decision not to comply with the discovery rules." *Cunningham v. Columbia/St. David's Healthcare Sys., L.P.*, 185 S.W.3d 7, 13 (Tex. App.—Austin 2005, no pet.).

Other Evidence

Having determined that the trial court could not properly consider the reports of CD Environmental Engineering and Alliance Geotechnical Group, we must look to the remaining evidence offered by Lomerson to assess whether it raises a genuine issue of material fact regarding his claims. This evidence consists of Lomerson's affidavit, photographs of the property, drainage plans, and invoices. We will focus on whether this evidence raises a genuine issue of material fact as to causation as it is an essential element of each of Lomerson's claims.[3]

Lomerson's affidavit does not raise a genuine issue of material fact as to causation. We note that much of this affidavit is conclusory and, as to causation, relies on the opinions of the experts that we have previously determined are inadmissible. In fact, Lomerson expressly provides that "all statements in this affidavit are made based on my personal knowledge, observations, and the findings of experts who have evaluated the damages." The affidavit provides no supporting measurements, data, or explanation of how Lomerson reached his conclusions other than by relying on the conclusions reached by his experts. A case, such as this one, involving property damage caused by flooding

---

[3] The elements of civil trespass are (1) ownership or lawful right to possess land, (2) defendant's entry onto the land, and (3) defendant's trespass caused injury to plaintiff. *Wilen v. Falkenstein*, 191 S.W.3d 791, 798 (Tex. App.—Fort Worth 2006, pet. denied). The elements of negligence are (1) a legal duty, (2) breach of that duty, and (3) damages proximately caused by that breach. *Lakeside Village Homeowners Ass'n v. Belanger*, 545 S.W.3d 15, 38 (Tex. App.—El Paso 2017, pet. denied). The elements of negligence per se under Texas Water Code section 11.086 are the same as for negligence but the breach-of-duty element is established by showing the violation of a statute or regulation. *Tenaris Bay City Inc.*, 718 S.W.3d at 200.

requires expert testimony when the cause of the damage is beyond jurors' common understanding. *Tenaris Bay City Inc. v. Ellisor*, 718 S.W.3d 193, 201 (Tex. 2025).

The remaining evidence, consisting of photographs of the property, drainage plans, and invoices, also does not establish causation. The photographs depict the condition of the Lomerson property but do not address how the water came to the Lomerson property and certainly do not establish that Appellees caused the water to flow onto the Lomerson property. The drainage plan does not establish how Appellees caused water to flow onto the Lomerson property. Finally, while the invoices might be some measure of damages, they do not address how Appellees caused any damage to the Lomerson property.

None of the cognizable summary judgment evidence establishes the causation element necessary to establish any of Lomerson's claims. We overrule Lomerson's sole issue.

## CONCLUSION

Having reviewed all the evidence properly before the trial court, we conclude that the trial court did not err in granting Appellees' motion for no-evidence summary judgment.

Judy C. Parker
Chief Justice

7